TIMOTHY B. GRANT, Survivor, etc., Respondent, *v.* CHARLES M. SMITH, Appellant.

Defendant guaranteed, that B. & S. should receive and pay for a steam engine and two boilers, of a given capacity and power, particularly described, at an agreed price. By an agreement of the principals, without the assent of the surety, an engine with three boilers, and of a greater capacity and power, at an additional price, was substituted.

*Held*, that the change in the contract was a material one, imposing entirely new obligations upon the contracting parties, and discharged the surety from any liability.

(Argued June 16th, 1871; decided September 2d, 1871.)

APPEAL from judgment of the late General Term of the seventh judicial district, denying motion for a new trial, and directing judgment to be entered for plaintiff upon verdict. Cause tried in Livingston county.

On the twentieth day of January, 1857, a contract in writing was made and entered into, between L. Sweet & Co., of Dansville, N. Y., of the first part, and B. L. Ball and F. L.

Smith, of Eau Clare, Wis., of the second part, by which Sweet & Co., were to furnish the iron, and machinery for a steam circular saw-mill. The engine of twelve inch bore, and twenty inch stroke, and two cylinder boilers thirty feet long and twenty-four inches in diameter. The price to be paid therefor was $2,000. Upon the said contract was the guaranty of defendant, as follows :

"In consideration of one dollar, the receipt whereof is hereby acknowledged, I hereby guarantee the fulfillment of the foregoing contract on the part of the party of the second part.

"CHAS. M. SMITH, [L. s.]"

"Dated *February* 20*th*, 1857."

After the execution of the contract and guaranty, it was agreed between the parties to the contract, without the knowledge or assent of defendant, that another boiler should be added, and the necessary changes made in the irons and machinery, and an additional price was agreed to be paid.

Sweet & Co. assigned the demand to Brown & Grant, who brought this action. After the issue was joined Brown died, and the action was continued by Grant as survivor.

The court charged the jury, that the additional boiler and other additional things were ordered, furnished, and charged as extra work, and were not furnished under the contract, and did not operate to alter, or change the contract, to which defendant's counsel excepted.

The defendant's counsel also requested the court to charge the jury that, although Ball & Smith did accept the machinery, if it was not finished in time, or if it was in any way different from what was agreed upon, it did not bind the surety.

The court declined so to charge, and defendant's counsel excepted.

The court directed a verdict in favor of the plaintiff for $3,606.02, to which direction the defendant's counsel duly excepted.

Exceptions were ordered to be heard at first instance at General Term.

*H. R. Selden*, for appellant. That the contract of guaranty never became binding on defendant. (Platt on Covenants, 569; Shep. Touch., 164; Chitty on Contr., 8th Am. ed., p. 9 and notes; *Hazard* v. *The N. E. Marine Ins. Co.*, 1 Sumner, 218, 225, 226; Theobald on Prin. and Surety, p. 2.) The alleged receipt of property by defendant as security, does not aid plaintiff. (*Cole* v. *Blunt*, 2 Bosworth, 117–125; *Pope* v. *Dinsmore*, 8 Abb., 429; Code, § 148.) The alteration of the contract without defendant's knowledge released him from liability. (*Bacon* v. *Chesney*, 1 Starkie, 192; *Dobbin* v. *Bradley*, 17 Wend., 424, 425; *Walrath* v. *Thompson*, 6 Hill, 540; *Brickhead* v. *Brown*, 5 Hill, 634; *Smith* v. *Dann*, 1 Hill, 543; *Appleton* v. *Parker*, 15 Gray, 177; *Samwell* v. *Howarth*, 3 Meriv., 272; 2 W. and Tr., leading cases, 715; 2 Am. Leading Cases, 1st ed., 150; *Miller* v. *Stewart*, 9 Wheat., 680; 2 Parsons on Cont., 5th ed., 18, and note (*o*); *Merrimack County Bank* v. *Brown*, 12 N. H., 320; *Fowler* v. *Brooks*, 13 N. H., 240; *Roe* v. *Harrison*, 2 T. R., 425; Chitty on Cont., 529; and the case of *Robinson* v. *Offatt*, cited in note, 7 Munro, 541.)

*S. Hubbard*, for respondent. That there was no material departure from the contract. (23 How. U. S. R., 149; 37 N. Y. R., 526; *Hosley* v. *Black*, 28 N. Y. R., 444; *Sinclair* v. *Talmage*, 35 Barb., 602.) The testimony being conclusive, it was the duty of the court to charge in accordance therewith. (*Mason* v. *Lord*, 40 N. Y. R., 477, 484; *Dickerson* v. *Wasson*, 48 Barb., 412; 2 Comstock's R., 383; *People* v. *Cook*, 4 Selden R., 67, 74–78.) If defendant did not concede the facts, he should have requested the court to submit to the jury whatever he disputed. (*Sand* v. *Shoemaker*, 2 Keyes R., 268; *Seymour* v. *Cowing*, 1 Keyes R., 532; *Stedman* v. *W. T. Co.*, 48 Barb., 97; *Downs* v. *Bush*, 28 Barb., 157, 180; *People* v. *Cook*, 4 Seld. R., 67, 78; *Winchell* v. *Hicks*, 18 N. Y. R., 558; *Barnes* v. *Prime*, 2 Kernan, 23.) The guaranty must be construed most strongly against the guarantor. (19 Eng. Com. Law R., 70; Tindall, Park &

Burrough, J.; 2 Parsons on Contract, 21, note U, 1st ed.; 2 Parsons on Contract, 5th ed., 509, note X; *Rochester City Bank* v. *Elwood*, 21 N. Y. R., 88, 90; *Benjamin* v. *Hillard*, 23 How. U. S. R., 164; 17 Wend. R., 425, top of page; 4 Barb., 487–489; 4 Hill, 202, top of page; 37 N. Y. R., 526; *Lee* v. *Dick*, 10 Peter, 482; 3 Eng. Com. Law R., 474; 34 Barb. R., 208; 43 Barb. R., 217; 9 Cush., 131; 23 How. U. S. R., 149; *Hosley* v. *Black*, 28 N. Y. R., 444; *Sinclair* v. *Talmage*, 35 Barb., 602.) It was correct to direct a verdict. (37 N. Y. R., 526; 32 N. Y. R., 405, 427; 19 Abbott R., 325.)

ALLEN, J. Had the objection been distinctly taken upon the trial, that the contract of guaranty, never took effect as a binding obligation upon the defendant, it would have presented a serious question, going to the foundation of the action.

But, as this point was not taken as distinctly as it might have been at the trial, and it is claimed by the plaintiff, was not so taken, as to be made available upon this appeal; and as, in the view taken of other questions which were pointedly raised, it is not necessary to pass upon it, we refrain from deciding it. The judge at circuit charged, as matter of law, in substance, that the contract was not, by agreement of the principal contracting parties, altered or changed. It is conceded that any material variation or change, by the principals, in the terms of the contract, without the assent of the surety, operates to release the latter from his obligations. Whatever was done in this respect, in the case before us, was done without the knowledge of the defendant, or any assent on his part; and the question is, whether the contract was varied in its terms, by the act and agreement of the parties to it.

If another contract has been substituted for the original contract, or an alteration made in a point so material as, in effect, to make a new contract, without the consent of the surety or guarantor, he is discharged. He may say, "*In hoc fœdere non veni;*" and to charge him, the case must be brought strictly within the terms of the guaranty, when rea-

sonably interpreted. (*Bacon* v. *Chesney*, 1 Starkie, 152; *Dobbin* v. *Bradley*, 17 Wend., 422; *Walrath* v. *Thompson*, 6 Hill, 540, affirmed, 2 Comst., 185.)

But, passing the question, suggested by the cases cited, whether the plaintiff can recover against the surety, upon proof of performance, varying essentially from that called for by the original agreement, although assented to by the principal, the question recurs, whether there was a substantial variation of the contract guaranteed, upon the assumption, that the guaranty became valid and obligatory, as a security for the payment of an engine and machinery, of the character and description mentioned in the contract, to be delivered within a reasonable time after the 17th of March, 1857.

Judge STORY, in *Miller* v. *Stewart* (9 Wheat., 680), enunciates the principle, by which the obligations of sureties are controlled, very distinctly, and in accordance with the whole current of authority. He says: "Nothing can be clearer, both upon principle and authority, than the doctrine, that the liability of a surety is not to be extended by implication, beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no farther. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal." And see *Gahn* v. *Niemcewicz's Executors* (11 Wend., 312).

By the contract of the defendant, he guaranteed that Ball & Smith should receive, and pay $2,000, at the times and in the manner specified, for "a steam engine of twelve inch bore, and twenty inch stroke; *two cylinder boilers*, each thirty feet long and twenty-five inches in diameter; and all the shafts, pulleys, and iron necessary," etc. The thing to be furnished, the subject-matter of the contract, was an engine and two boilers of a given capacity and power, particularly described, at an agreed price. By agreement of the parties, without the assent of the surety, an engine with three boilers, and of

a greater capacity and power, was substituted, and an additional price agreed to be paid. The change in the contract, imposed entirely new obligations upon each of the contracting parties. Proof of performance of the original contract, would not have authorized a recovery upon the new; and so proof of a performance of the last contract, would not have entitled Smith & Co. to recover upon the original. The two together constituted a new or substituted contract, obligatory upon the parties to it, but for the performance of which by Ball, & Smith, the defendant has not undertaken. He guaranteed the payment of $2,000, the agreed price of property particularly described, but did not guarantee the payment of that sum, as a part of the purchase-price of an essentially different article.

The defendant may be presumed to have known the circumstances of his principals, their ability to pay, the capacity of their property, and the power of an engine which could be profitably employed; and to have been willing to aid them in procuring an engine of the requisite power, and to undertake for them to a limited amount, understanding that their engagement was for such an engine, and only to the same amount, for that object. It is evident that the risk, and responsibility of the defendant, was materially changed by this new contract for the additional boiler, and the incidental necessary changes in the machinery and connections.

The change in the character of the work was neither trifling, nor immaterial. A delivery of an engine with three boilers, grates, smoke-stacks, pumps, water and steam pipes, is not a substantial performance of a contract for a like engine, with two boilers, with corresponding attachments. A change so essential, and material in the principal thing, the subject-matter of the contract, is not mere extra work, something additional to the main thing. It is a change in the thing itself. It would seriously impair the rule, so well established for the protection of sureties, prohibiting all dealing with the principal to his prejudice, and declaring all substantial variations in the contract without his assent, to operate as a discharge of his obligations, to regard a change, by which a different article

from that originally agreed upon is substituted, and at a different price, to be but an acquiescence in an immaterial departure from the contract, and as not affecting the liability of the surety, and would give a dangerous latitude to the principals, in their dealings as to the subject-matter of the contract, and greatly enhance the risk of sureties. In *Benjamin* v. *Hillard* (23 How. U. S., 149), there was a simple acquiescence in the prolongation of time for the fulfillment of the contract, and the machinery substantially conformed to the contract. The defects were latent, and were remedied as soon as discovered. It was simply held, that mutual accommodation between the parties, without any legal constraint, would not relieve the surety. The principle that any essential variation of the contract would discharge the surety, is clearly stated by Judge CAMPBELL, in giving the judgment; and he cites *Gahn* v. *Niemcewicz* in affirmance of the doctrine. *Boinsse* v. *Wood* (37 N. Y., 526) was decided upon the ground, that the surety had made his liability to depend upon the acts of the principal, and was, therefore, bound by the appointment of an arbitrator, as an act expressly provided for by the agreement, and does not touch this case; but the principle contended for here is expressly recognized, as well in the prevailing as in the dissenting opinion. The ruling of the judge at the circuit upon this question, was clear and distinct, and left no question for the jury, as to any supposed waiver by the defendant of his rights, or assent by him to the variation in the terms of the contract.

The judgment should be reversed, and a new trial granted; costs to abide event.

All concur.

Judgment accordingly.