WOODBRIDGE v. RICHARDSON, appellant.

*Lessor and lessee — surety upon lease — how far liable.*

By the terms of a lease the lessees were to pay the agreed rent by a note, falling due and to be paid at a specified time. *Held*, that the giving of the note did not discharge a surety for the lessees upon the lease, but that such surety remained liable until the note was paid.

The lessees covenanted to keep the leased property insured. The insurance policy being about to expire, the lessees requested the lessor to obtain a renewal of the insurance, which he did. *Held*, that the surety was not liable for the amount of premium paid by lessor for such renewal.

APPEAL from a judgment entered upon the report of a referee. The action was brought to charge the defendant, as the guarantor of a lease executed by the plaintiff to a firm by the name of Addison & Weeks, by a written instrument, for the term of five years from December 1, 1868, for the annual rent of $3,900, to be paid as follows: $1,950, in cash, at the commencement of the term of the lease, and at the same time their note for $1,950, maturing and to be paid six months after the time of making, and a like note every six months during the continuance of the lease. The lessees covenanted to make needful repairs and surrender the property in good condition. The lessees also agreed to keep the property insured in the amount of $10,000. The defendant, by a written indorsement on said lease signed by him, agreed to be responsible for the faithful performance of said lease by the lessees.

The plaintiff claimed to recover for one-half year's rent of said premises not paid by the lessees; for an amount paid by plaintiff

for insurance, and for damages caused by the neglect of the lessees to keep premises in repair.

The action was tried by a referee, who reported in favor of the plaintiff in accordance with the demand and prayer of the complaint, and gave judgment for the sum of $3,656.85, to which the defendant filed exceptions and took an appeal.

*L. Hotaling* and *O. M. Hungerford,* for appellant.

*Burrows & Palmer,* for respondent.

E. DARWIN SMITH, J. As this case comes before us upon the judgment record with exceptions to the referee's report, without a case containing the evidence, nothing can be considered but the questions of law presented upon such exceptions.

The first objection raised by the defendant's counsel to the referee's report is, to the finding that the defendant was liable to pay the semi-annual rent of $1,950 for the second six months of the term, payable in advance and interest thereon. The argument is, that, inasmuch as the lessees gave their promissory note for such rent, the terms of the lease were fulfilled, so far as related to the defendant. This argument is untenable. This note was given in compliance with the express terms of the lease, that the said lessees should give their note for $1,950 — maturing and to be paid in six months from date — for the half year's rent in advance.

It did not discharge the obligation of the lessees or their surety to give their note for the rent. The said note must be *paid* before they or defendant are discharged. The giving of the note was a stipulated manner of payment *sub modo,* but it was the mere note of the debtors, and not payment in fact until actually paid, and the giving of the same was in no sense making any new or different bargain or arrangement by the lessor with the lessees, not contemplated and stipulated for in the lease.

No objection is suggested or can be sustained to the finding that the lessor sustained damage in the sum of $300 for the neglect of the lessees to keep the demised premises in repair.

The exception to the conclusion of law, that the defendant is responsible to the plaintiff to pay the sum of $200, with interest for that amount, expended by the plaintiff for the insurance of the premises for one year, stands upon a different ground, and is, I think, well taken.

The rule of law in respect to the obligations of guarantors and other sureties is, that the contract is to be construed strictly, and cannot be extended beyond the express terms of the agreement. *Robinson* v. *Frost*, 14 Barb. 536; *Dobbin* v. *Bradley*, 17 Wend. 422; *Grant* v. *Smith*, 46 N. Y. 93; *Miller* v. *Stewart*, 9 Wheat. 680.

The referee finds that the lessees of the mill requested the plaintiff to procure the insurance called for by the lease upon the said premises, to the amount of $10,000, and that plaintiff thereupon caused the said premises to be insured to that amount for one year, and paid therefor the sum of $209. This was a new bargain between the lessor and the lessees. The former made the advance for the insurance upon the request of the lessees. It was virtually a loan to them of the sum of $209, upon their credit.

If the lessees had neglected to procure an insurance on the premises, and the plaintiff had been compelled, in consequence of such neglect, to procure such insurance for his own security, the defendant then would, doubtless, have been liable for the amount paid for that purpose under his guaranty. Probably if the lessor had refused to advance this money for the lessees, they would then have obtained the amount from some other source, and the defendant would have been relieved of this claim or liability. He had a right, at least, to insist that his liability should not be thus enhanced by the voluntary act or arrangement of the lessor with the lessees without his assent.

The referee erred, I think, in including this sum in the judgment, and the same should be modified by deducting therefrom the said sum of $209, with interest from the time allowed in the referee's report (December 1, 1868), and otherwise affirmed.

*So ordered.*