WILLIS S. PAINE, Receiver. Etc., Appellant, v. J. WYMAN JONES, Impleaded, Etc., Respondent.

*Assumption of mortgage by grantee — agreement between grantee and mortgagee to change its terms — mortgagor released thereby.*

Jones executed a bond and a mortgage upon certain lands, the mortgage containing a clause to the effect that the mortgagee would, upon request, release portions of the mortgaged premises, from time to time, upon receipt of a certain sum per acre, or of a first mortgage thereon for the same amount. Subsequently the mortgage was transferred to a savings bank of which plaintiff is receiver. Jones sold the lands to one Guthrie who assumed the payment of the mortgage. Thereafter the bank and Guthrie entered into an agreement whereby the clause as to releases was stricken from the mortgage.

In an action to recover from Jones a deficiency arising on a foreclosure sale, *held,* that, upon the sale to Guthrie, Jones became a surety for the payment of the mortgage debt, and that the abrogation of the clause as to releases was such a change of the mortgage contract as to release him from all liability thereunder.

*Meyer* v. *Lathrop* (10 Hun, 66) overruled.

Appeal from a judgment dismissing the complaint herein as to the defendant, J. W. Jones, and canceling a judgment for deficiency heretofore entered against him.

This was an action by plaintiff as receiver of the Bond Street Savings Bank of New York city, to foreclose a mortgage made by defendant Jones, to secure his bond in the penal sum of one hundred thousand dollars. The execution and delivery of the bond and mortgage were admitted. It was also admitted that the amount due and unpaid on the bond and mortgage, was $27,727,41. And that the bond and mortgage had, by various mesne assignments, become the property of the Bond Street Savings Bank before the commencement of this action, and that the plaintiff had been duly appointed receiver of the bank.

The defendant Jones sought to escape liability for any deficiency, on the ground that at the time he executed the bond and mortgage, the mortgage contained a clause in regard to releases in the following words, viz.: "The said party of the first part, his heirs or assigns, shall have the privilege of requiring from the said party of the second part, his heirs or assigns, at any time before

the payment and discharge of these presents, and as often as the same shall from time to time be desired, a release of any portion or portions of the premises hereby mortgaged, upon the payment or tender to the said party of the second part, his heirs and assigns, of an amount equal to the sum of three hundred dollars ($300) per acre (and at that rate for any part of an acre), embraced in the portion or portions for which a release is so required ; or at the option of the said party of the first part, his heirs or assigns, in lieu of the payment of such sum upon the execution and tender by the said party of the first part, his heirs or assigns, of a first mortgage to the said party of the second part, his heirs or assigns, for the same amount, upon the property or portion for which a release is so required ; which mortgage shall be payable according to the conditions and at the same time with these presents."

That he sold the mortgaged premises to one Guthrie, who assumed said mortgage, and that thereafter one Benjamin Wright became the owner of said bond and mortgage, and that they were by him assigned to the Bond Street Savings Bank. That after the bank became the owner of the bond and mortgage, it and said Wright made an agreement in writing with said Guthrie, without defendant's knowledge or consent, whereby the said clause in the mortgage in regard to releases was abrogated, and that the effect of such agreement was defendant's release from all liability on his bond, because he was a surety.

*Rastus S. Ransom*, for the appellant. It is not every alteration of the obligation that will discharge a surety. The alteration must be material. (*Wilson* v. *Edwards*, 6 Lans., 136, Aff'd by Ct. App.; 3 W. D., 563; 5 W. D., 420.) Jones has to-day the same wants and the same remedies that he always had, and upon being subrogated to the plaintiff's rights, he finds the obligation (the bond) precisely as it was when he became surety for its performance. He has the same security he held in the beginning, and in addition thereto he has the release of an onerous condition originally fixed upon the security by the debtor, and the effect of such release is to increase the value of the security. The mortgage is collateral to the bond. The releasing clause in the mortgage detracted from its value as such collateral, and the abrogation

of that clause was, in law and in fact an additional collateral. A creditor may take as many collaterals from the debtor as he pleases, and not thereby discharge the surety. (11 Wend., 320, and cases cited; 3 Comst., 446; 5 Barb., 580; 52 N. Y., 138; 1 Bosw., 411; 41 N. Y., 471; *Blydenburgh* v. *Bingham*, 38 N. Y., 374 [opinion]; *Vase* v. *Florida R. R. Co.*, 50 N. Y., 375 [opinion]; *La Farge* v. *Horter*, 11 Barb., 163 [opinion].)

*Dwight A. Jones* and *F. A. Ward*, for the respondent. A bond and mortgage given at the same time, in regard to the same subject-matter, and by and to the same party, constitute one contract. (*Wing* v. *Cooper*, 37 Verm., 178; *Coldham* v. *Showler*, 3 C. B., 312; *Makepeace* v. *Harvard College*, 10 Pick., 298; *Hills* v. *Miller*, 3 Paige, 254; *Cornell* v. *Todd*, 2 Denio, 130; *Rogers* v. *Kneeland*, 10 Wend., 218; *Pepper* v. *Haight*, 20 Barb., 429; Pars. on Con., vol. 2, p. 503; Jones' Law of Mort., §§ 71, 72; *Chick* v. *Willets*, 2 Kans., 284; *Round* v. *Donnell*, 5 Kans., 54; *Crafts* v. *Crafts*, 3 Gray [Mass.], 360; *Somersworth Savings Bank* v. *Roberts*, 38 N. H., 22; *Bassett* v. *Bassett*, 10 N. H., 64; *Boody* v. *Davis*, 20 N. H., 140; *Muzzy* v. *Knight*, 8 Kans., 456.) The defendant after the transfer of April 30, 1870, to Guthrie, was a surety only for the payment of the mortgage debt, said Guthrie being the principal debtor. (*Cornell* v. *Prescott*, 2 Barb. Ch., 16; *Russell* v. *Pistor*, 3 N. Y., 171; *Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 Paige, 595; *Rubens* v. *Prindle*, 44 Barb., 336; *Tripp* v. *Vincent*, 3 Barb. Ch., 613; *Jumel* v. *Jumel*, 7 Paige, 591; *Blyer* v. *Monholland*, 2 Sandf. Ch., 478; *Ferris* v. *Crawford*, 2 Denio, 295; *Johnson* v. *Zink*, 52 Barb., 396; *Burr* v. *Beers*, 24 N. Y., 178; *Hartley* v. *Harrison*, 24 N. Y., 171; *Beekman* v. *Remsen*, 25 N. Y., 552; *Bentley* v. *Vanderheyden*, 35 N. Y., 677; *Garnsey* v. *Rogers*, 47 N. Y., 233; *Thorp* v. *Keokuk Canal Co.*, 48 N. Y., 253; *Flower, Guardian,* v. *Lance, Ex.*, 59 N. Y., 603; *Comstock* v. *Drohan*, Ct. App., Oct. 2. 1877; *Calvo* v. *Davies*, 8 Hun, 222, Ct. App., April 2, 1878.) Being a surety, the defendant was discharged from his liability on the mortgage debt by the agreement of June 14, 1870, which agreement varied his contract and was made without his consent. (*Gahn,* v. *Niemcewicz*, 11 Wend.,

32; *Colemand* v. *Lamb*, 31 Wend., 324; *Henderson* v. *Marvin*, 31 Barb., 297; *Miller* v. *Stewart*, 9 Wheat., 680; *Smith* v. *U. S.*, 5 Md., 102; *Pooley* v. *Howardine*, 7 El. and Bl., 431; *Oriental Financial Corporation* v. *Overend, Gurney & Co.*, L. R. 7 Chy. App., 142; *Millard* v. *Thorne*, 56 N. Y., 402; *Colgrove* v. *Tallman*, 67 id., 95; *Pennoyer* v. *Watson*, 16 Johns., 100; *Walsh* v. *Bailie*, 10 Johns., 100; Story's Eq., vol. 1, p. 349; *Mayhew* v. *Boyd*, 2 Wall., 219; *Bagley* v. *Clarke*, 7 Bos., 94; *Wilson* v. *Edwards*, 6 Lans., 134; *Ludlow* v. *Simonds*, 2 Cai. Ca., 1; *Bangs* v. *Strong*, 7 Hill, 250; *Miller* v. *McCan*, 7 Paige, 452; *Grant* v. *Smith*, 46 N. Y., 93; *The Western N. Y. Life Ins. Co.* v. *Clinton*, 66 id., 326; *Calvo* v. *Davies*, Ct. App., April, 1878.)

GILBERT, J.:

That Jones became a surety when Guthrie assumed the mortgage, is no longer an open question. In the case of *Meyer* v. *Lathrop* (10 Hun, 66), this point was erroneously decided.

The bond and mortgage having been given by the same person, at the same time, and for a single purpose, they constitute but one contract. (*Marsh* v. *Dodge*, 66 N. Y., 537; Jones on Mort., §§ 71, 72.) The abrogation of the clause in the mortgage in respect to releasing portions of the mortgaged premises from time to time, was a material alteration of the contract, for by that act the owner of the mortgaged premises, who was primarily liable for the payment of the mortgage debt, was deprived of a valuable privilege in the mode of discharging such debt, and the creditor thereby acquired a more marketable and stringent security for such payment. It is very true, that in case the surety should pay the mortgage debt, he would thereby acquire the right to be subrogated to the rights of the plaintiff, and would thus obtain the benefits which the creditor derived from the change which has been made in the mortgage. But sureties do not ordinarily prefer such a mode of indemnity. It is better for them that the principal debtor should discharge the debt; and any act that impairs the means which he had provided, or detracts from the facilities afforded him for that purpose, is injurious to the surety. But however that may be, it is a settled rule that the court will not inquire whether the

alteration of the contract be beneficial or injurious to the surety. It is sufficient that the alteration is a material one. The surety can be held liable only according to the very terms of his contract. (*Miller* v. *Stewart*, 9 Wheat., 680; *Bangs* v. *Strong*, 7 Hill, 250; *Grant* v. *Smith*, 46 N. Y., 93; *Calvo* v. *Davies*, Ct. App., April, 1878.) He has a right to insist upon the exact performance of any condition for which he has stipulated, whether others would consider it material or not. (*Per* DENIO, J., *Gates* v. *McKee*, 3 Ker., 237.)

The judgment must be affirmed, with costs.

Present—BARNARD, P. J., and GILBERT, J.

Judgment affirmed, with costs.