WERLEIN, Appellant, v. TOWER MANUFACTURING & NOVELTY CO., Respondent. (Common Pleas of New York City and County, General Term. April 1, 1895.) Action by Jacob Werlein against the Tower Manufacturing & Novelty Company. Daniel S. Decker, for appellant. Charles H. Williams, for respondent.

BISCHOFF, J. Upon the evidence in this case, we find no justification for a reversal of the judgment rendered in favor of the defendant. There was some conflict of testimony, but upon the main points of the litigation the record discloses a preponderance of evidence in favor of the prevailing party. It appears that the work for which this action is brought was performed at the request of one Peter Mead in making repairs upon certain trucks controlled

by him under an executory agreement of sale with David A. Tower, defendant's treasurer, and that all work of the same character previously performed upon these trucks had been paid for by Mead himself, except in one instance, when defendant's collector, Clark, made a payment of $40 in satisfaction of a bill rendered to Mead. When making this payment, Clark stated to plaintiff that, if he wished to do work for Mead, he had better render bills to the company thereafter in each instance as future work should be performed, and that Mr. Tower would see that Mead paid them. The evidence directly shows that no bills were rendered thereafter to the company for the work in suit, but that plaintiff continued to make repairs at the instance of Mead, and only after the latter's death was a bill for the whole work presented. The record fails to disclose any authority in Clark, express or implied, to bind the defendant company to an agreement to pay for this work; but, assuming that it had thus guarantied the payment of the bills, still the condition to the liability had not been fulfilled by the plaintiff, and a recovery could not be based upon the agreement. Miller v. Stewart, 9 Wheat. 680; Grant v. Smith, 46 N. Y. 97; 9 Am. & Eng. Enc. Law, p. 83. Moreover, the evidence clearly supports the conclusion that plaintiff continued to give credit to Mead, and did not rely upon the agreement here claimed to have been made, which conclusion is the more strongly supported by his failure to render the bills as the work was done. Judgment affirmed, with costs.