HERBERT S. BARNES, Respondent, *v.* MELBERT B. CARY, Appellant.

Second Department, November 2, 1923.

Guaranty — action by guarantor for contribution — plaintiff and defendant jointly and severally guaranteed that corporation would pay loan at maturity and return securities of third person given to corporation to pledge as collateral for loan — loan was renewed without consent of owner of securities — plaintiff paid loan after maturity and after failure of corporation to pay and also paid overdraft of corporation — plaintiff is entitled to contribution as to loan and interest but not as to overdraft.

The plaintiff and the defendant jointly and severally guaranteed the performance of a contract between a third person and a corporation whereby said third person loaned securities to the corporation under an agreement that the securities were to be used as collateral to secure a loan to the corporation from a bank, that the corporation would pay the loan at maturity, redeem the securities, and restore them to the third person. The corporation failed to pay the loan at maturity and secured an extension thereof without the consent of said third person. The plaintiff thereafter paid the amount of the loan and also an overdraft by the corporation at the same bank.

*Held,* that the plaintiff is entitled to contribution from the defendant as to the loan which he paid after the corporation had violated its agreement; that the renewal of the loan without the consent of the third person did not in any way mitigate the default made by the corporation of its obligation to pay the loan when it matured and the plaintiff was justified in paying the loan and redeeming the securities.

The plaintiff is not entitled to contribution as to an overdraft by the corporation at the same bank, since there was nothing in the agreement between the plaintiff and defendant which in any way obligated either or both of them to pay the amount of the overdraft.

APPEAL by the defendant, Melbert B. Cary, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 24th day of February, 1923, upon the verdict of a jury rendered by direction of the court.

*John C. Rowe,* for the appellant.

*James D. Merriman,* for the respondent.

Judgment unanimously affirmed, with costs, upon the opinion of Mr. Justice TAYLOR at Trial Term.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

The following is the opinion of the court below:

TAYLOR, J.:

At the close of the entire case both sides moved for a direction of a verdict; the defendant moved that a verdict be directed in favor of the defendant; the plaintiff moved for a direction of a verdict in favor of the plaintiff for the sum of $2,097.90 less certain conceded credits of $146.86 and $68.18, respectively, and with appropriate interest adjustments; the plaintiff's motion included a request that a verdict be directed for one-half of the amount of the $4,000 loan and interest, and the amount of the National Liquid Recording Corporation's overdraft at the New York Trust Company.

In view of the learning, earnestness and ability displayed by counsel on both sides, I will set forth briefly the grounds of the determination at which I arrived at the trial, and to which I have adhered after considering the able briefs submitted by counsel for the respective parties.

The National Liquid Recording Corporation on April 15, 1921, entered into an agreement in writing with Jennie W. Archer, whereby in consideration of the loan of certain Liberty bonds of the par value in the aggregate of $5,550 to the corporation by Mrs. Archer, for the purpose of pledging the same with the New York Trust Company as collateral security for a loan of $4,000 to the National Liquid Recording Corporation, for the term of ninety days, it was agreed that upon the maturity of the said loan the said National Liquid Recording Corporation would (a) pay the amount of said loan, (b) redeem the said Liberty bonds, and (c) restore them to Jennie W. Archer; the foregoing is a statement of the effect of the said agreement. Simultaneously with the execution of this agreement the parties to this action entered

Second Department, November, 1923. [Vol. 207

into an agreement in writing with Jennie W. Archer, whereby they jointly and severally guaranteed to her the performance of the aforesaid contract by the National Liquid Recording Corporation, and jointly and severally obligated themselves in case of the failure of that corporation to perform the said contract " to take such performance " upon themselves.

The last-mentioned agreement was attached to the contract between the said National Liquid Recording Corporation and Jennie W. Archer. It is clear that the obligations of the several parties to Jennie W. Archer in relation to her Liberty bonds loaned by her to the corporation for the purpose of the pledge were as follows: The National Liquid Recording Corporation was obligated at the maturity of the ninety-day loan, $4,000, to pay the amount of said loan and interest, to redeem the Liberty bonds pledged as collateral therefor with the trust company, and restore those bonds to Jennie W. Archer.

The loan of $4,000 was actually negotiated and made by the New York Trust Company to the National Liquid Recording Corporation; the loan was not paid at maturity by the corporation, and, therefore, the corporation did not redeem the bonds and did not restore them to Jennie W Archer, all of which the corporation agreed in its contract should be done upon the maturity of the ninety-day loan.

Therefore, at the maturity of the ninety-day loan, to wit, on the 14th day of July, 1921, it was the joint and several obligation of the parties to this action to take performance of the National Liquid Recording Corporation's contract with Jennie W. Archer upon themselves; that is to say, the parties to this action were jointly and severally obligated immediately upon the National Liquid Recording Corporation's default, to do the things which the corporation had neglected to do, viz., to pay the loan, to redeem the securities, and to restore them to Jennie W. Archer.

This obligation was carried out by one of the parties hereto, namely, the plaintiff Herbert S. Barnes, who, with his own funds, paid the loan of $4,000 and interest, amounting to the sum of $30.67, on the 29th day of August, 1921; he paid also, in order to effectuate the actual redemption of the bonds from the trust company, the further sum of $165.26, which was the amount of an overdraft by the National Liquid Recording Corporation upon its deposit account in the New York Trust Company; the securities were redeemed, and there is no question in the pleadings that they were restored by the plaintiff to Jennie W. Archer.

Therefore, unless other circumstances in the case lead to a different legal conclusion, it is clear that the plaintiff, one of the joint obligors

under the agreement of guaranty with Jennie W. Archer, actually carried out the terms of the agreement and paid a sum of money, one-half of which should have been paid and contributed by the defendant.

The circumstance that the National Liquid Recording Corporation, at the maturity of the loan from the New York Trust Company, obtained an extension of the loan and renewed the note, in no way mitigated, and in fact only emphasized, the National Liquid Recording Corporation's default of its obligation to pay the loan at the expiration of the ninety-day period, to redeem the bonds and to restore them to Jennie W. Archer.

The obligation of the plaintiff and defendant was to pay the loan of $4,000 and interest; there was no obligation on their part to pay the amount of any overdraft on the National Liquid Recording Corporation's account; there is nothing in the agreement signed by the parties to this action which in any way obligates either or both of them to pay the amount of such overdraft, or in fact to pay any amount except the principal of the loan, $4,000, and by necessary implication the interest which presumably would be charged by the trust company.

In relation to the case of *Metropolitan Trust Co.* v. *Truax* (154 App. Div. 442; affd., 210 N. Y. 528), cited by the defendant, I have determined that the same is not relevant to the present inquiry; that was a case where the Metropolitan Trust Company held an agreement, by which the intestate of the defendant therein guaranteed the payment of a loan to be made to the principal upon certain terms; the loan was made upon terms differing materially from those specified in the guaranty, without the consent of the guarantors; and it was held that the defendant was not liable.

In the case at bar Jennie W. Archer loaned her securities to the National Liquid Recording Corporation for the purpose of allowing the latter to pledge the same with the New York Trust Company, presumably upon any terms that might be agreed upon between the borrower and the trust company; the National Liquid Recording Corporation agreed to pay the ninety-day loan at maturity, to redeem the bonds and restore them to her; the plaintiff and defendant guaranteed the performance of this obligation of the National Liquid Recording Corporation, and agreed, in effect, that if it did not carry out its said agreement, they, the plaintiff and defendant, would jointly and severally take performance of the same upon themselves; instead of paying the loan at maturity the corporation omitted to pay it and negotiated an extension of it, to which Mrs. Archer is not shown to have been a party, and, therefore, there was a breach of the National Liquid Recording Corporation's

agreement, and it was incumbent upon plaintiff and defendant jointly and severally to take performance upon themselves; the plaintiff alone of the parties guarantor performed the agreement; he is entitled to contribution from the defendant of one-half of the amount of $4,000 paid by him and the interest thereon paid by him, but not of the amount of the overdraft paid by him.

I conclude, therefore, that the motion of the defendant for a dismissal of the complaint must be denied; that the defendant's motion for a direction of a verdict in favor of the defendant must be denied; and that the plaintiff's motion for a direction of a verdict in his favor must be granted to the extent of one-half of the amount of the principal of the loan and interest paid, to wit, one-half of $4,030.67, or $2,015.34, less, however, the credits of $146.86 received by the plaintiff January 13, 1922, and $68.18 received by him November 15, 1922, with appropriate interest adjustments as follows:

| | | |
|---|---:|---:|
| The plaintiff is entitled to principal of payment as above...................................... | | $2,015 34 |
| To interest on said amount from August 29, 1921, to date........................................ | | 174 34 |
| Total.................................... | | $2,189 68 |
| Less credits as follows: | | |
| Amount received by plaintiff, January 13, 1922.............................. | $146 86 | |
| Interest on said amount from January 13, 1922, to date......................... | 9 40 | |
| Amount received by plaintiff November 15, 1922............................. | 68 18 | |
| Interest on said last-mentioned amount from November 15, 1922, to date...... | 1 29 | |
| Total..................................... | | 225 73 |
| Balance.................................. | | $1,963 95 |

I direct a verdict in favor of the plaintiff for the last-mentioned amount of $1,963.95; defendant's motion for a direction of a verdict in his favor denied; defendant's motion to dismiss the complaint denied; exception is granted to the plaintiff to the court's refusal to direct a verdict in favor of the plaintiff for the larger amount requested in plaintiff's motion for a direction of a verdict; exception to the defendant upon the court's denial of his motion to dismiss the complaint, and a like exception to the defendant upon the court's denial of his motion for a direction of a verdict in favor of the defendant.