## REUBEN W. BURT, use, etc.

*v.*

## ZEBULON McFADDEN *et al.*

1. AWARD—*whether binding—release as a condition precedent.* Where the subject matter of certain suits pending was submitted to arbitration, the articles of submission stipulating that a release should be executed by the plaintiff in the suits, which should be delivered by the arbitrators on making their award, it was *held*, that an award against the party to whom the release was to be made was not binding upon him, there having been no release made and delivered, as was agreed upon.

2. PRINCIPAL AND SURETY—*waiver of conditions by the former.* As a general rule, the principal can make no change in an agreement so as to bind his sureties, without their assent.

3. So, where, upon a submission to arbitration, the agreement provided as a condition precedent to the making of the award, that a release should be executed by the party in whose favor the award was made, it is doubtful whether the principal in the arbitration bond could waive the performance of such condition so as to render his sureties liable in case of his failure to execute the terms of the award.

APPEAL from the Circuit Court of Sangamon county ; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

Messrs. STUART & BROWN, Mr. SAMUEL C. PARKS, and Mr. WM. McGALLIARD, for the appellant.

Messrs. GREENE & LITTLER, for the appellees

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Reuben Burt had commenced an action for the seduction of his daughter, against Samuel R. McFadden; and Florence M. Burt, his daughter, had also brought an action of assumpsit on breach of contract to marry, against McFadden, in the circuit court of Logan county; that while these suits were pending, Zebulon McFadden, a brother of Samuel R., and Burt and daughter, entered into articles of agreement to submit all differences embraced in the two suits to the award of arbitrators named in the submission, and that the award which should be made in pursuance to the agreement, should be a full and final settlement of all causes of action on the part of the plaintiffs in those suits. It was also agreed that Burt and his daughter should execute and deliver to the arbitrators a full release of all causes of action against Samuel R.; that the arbitrators should deliver the release on making their award, to Zebulon McFadden. The portion of the submission on which the questions arise in this case, are these:

The award shall be for a sum certain, and shall be payable on or before November 1st, 1867; the arbitrators to deliver a copy of the award to each of the parties, and Zebulon McFadden thereupon to become liable to pay the amount of such award, and all actions of Burt and daughter against Samuel R. McFadden to be barred; that the arbitrators should also consider and settle all claims and causes of action of Zebulon McFadden against Burt and daughter, for the levy of certain writs of attachment (issued against Samuel McFadden) on property claimed by Zebulon.

At the same time the parties mutually executed bond to each other, binding themselves to abide the award of the arbitrators. The arbitrators heard the case and made and published their award, fixing the damages sustained by Burt and his daughter at the sum of $6400, and the damages sustained by Zebulon by reason of the levy of attachments in the suits brought by Burt and daughter, on his property, at $400, which

they deducted from the sum found for them, and ordered him to pay $6000, the balance of the damages, to a trustee, for Florence, whom they named in the award; that the suits be barred upon payment; that they be dismissed, each party paying costs, and the trustee to pay them out of the money received on the award for Burt and his daughter.

It appears that the trustee gave bond, as required, which was approved by the county court. Zebulon McFadden dismissed the replevin suit brought by him to recover the property seized on the attachments against Samuel R., and Burt and daughter each dismissed their suits.    Appellant brought an action of debt on the arbitration bond given by appellees.    The case was, by consent, tried by the court, when a judgment was rendered in favor of the defendants, from which this appeal is prosecuted.

One of the express conditions of the submission was, that Reuben W. Burt and Florence M. Burt should execute and deliver to the arbitrators a full and complete release of all actions and causes of action which they had against Samuel R. McFadden, by reason of the alleged seduction, marriage promise, or otherwise, and the arbitrators, on making their award, were required to deliver the release to Zebulon McFadden, as the agent of his brother.    No such release was executed and delivered to the arbitrators, nor was any executed and tendered, until long after the award was published and delivered.    That parties, in executing contracts and entering into agreements, may insert any and all lawful conditions they may choose, is a proposition that no one will controvert; and, when inserted, the irresistible conclusion is, that the parties design that they shall be performed, and such being their intention, they can not be disregarded.

The parties in this case made the execution of a release to Samuel a condition precedent to the delivery of the award. If they, under the submission, had power to hear the case, and they probably had, at any rate McFadden made no objection, and appeared and went on with the trial, still they had no power to deliver

31—58TH ILL.

the award until the release was made and accompanied it. The award could have no effect without the release should be delivered to Zebulon McFadden with the award, as the submission had provided. There is nothing to show that Samuel had authorized or consented to the arbitration, or that he was bound by it; but even if there had been, still Zebulon had the right to insist upon any terms and conditions he might choose, upon which the award should become binding on him. He saw proper to impose this condition, and the other parties assented to it, and they were required to have it performed before Zebulon could become bound, unless he had seen proper to waive it, of which we see no evidence. But even if he had waived it, the sureties on his bond interpose the objection, and, as a general rule, the principal can make no change in an agreement so as to bind his sureties without their assent, and we are not prepared to say that the waiving of this release would be so far immaterial in this case as to authorize the principal in the bond to waive its performances, without affecting the liability of the sureties. At any rate, he had the right to demand and insist upon the terms of the submission, which required Samuel's full and entire release at the time the award was published. For the want of such a release, thus delivered in strict accordance with the award, as the submission had made it a condition, the award did not become operative and binding on the parties; nor is it any answer to say that Florence was at the time a minor, and her release would not have been operative. The release by the father certainly would have discharged his cause of action, and had Florence not been bound by her release on its execution, it would have become binding if not avoided in a reasonable time after arriving at age. At any rate, Zebulon, as the agent of Samuel, was willing to risk her right to avoid it, or that she would ever attempt to render it void. It is not for appellant to urge such an objection. He had agreed to perform the act, and the other parties had not waived its performance.

The award having, so far as this record shows, never become binding, a recovery could not be had. This view of the case renders a discussion of the other questions unnecessary.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. Justice Scott took no part in the decision of this case.