[No. 7,051.—In Bank.]
October 10, 1882.

## VICTOR SEWING MACHINE COMPANY v. WILLIAM SCHEFFLER.

Variance—Pleading—Contract Bond—Principal and Surety—Finding—Evidence.—L., as principal, and the defendant with one B., as sureties, executed a bond to the plaintiff to secure the performance of an agreement between the plaintiff and L. as its agent for the sale of sewing machines, consigned by the plaintiff to him. The agreement provided that L. should not at any one time have on consignment more than six machines. The bond provided that the agreement might be varied or modified, by the mutual agreement of the plaintiff and L., as to the manner of carrying on the business, or as to the compensation of L., or as to the period of which L. shall report to and pay the plaintiff for the machines sold, or as to the territory on which the machines shall be shipped or sold, without affecting the liability of the obligors on the bond. The agreement was subsequently, without the consent of the defendant, changed, so as to permit the assignment to L. of more than six machines, and that he might have more than six at the same time.

*Held:* That the clause in the bond continuing the liability of the sureties, notwithstanding a change in the contract "as to the manner of carrying on the business," did not authorize the change by which L. was to have more than six machines at the same time.

Finding.—The finding of the court below to the effect that after the execution of the contract and bond, transactions to a considerable amount took place during a long period of time between L. and the plaintiff, resulting in a loss to the plaintiff, and that such transactions were more extensive, and involved greater liability, than those contemplated in the contract and bond, is a finding that an oral agreement, express or implied, had been substituted by the parties, or that the original had been materially altered with their consent. In the action upon the bond the plaintiff set forth breaches of the original agreement between it and L., but the evidence of the plaintiff showed that the agreement had been changed.

*Held:* That the plaintiff showed that L. was not responsible for any breaches of the contract set forth in the complaint, by showing that such contract was not in force when he was alleged to have broken it. That the plaintiff could not recover in the action for the alleged breaches of the old agreement, because the evidence showed that a new agreement had been substituted for it. That the plaintiff could not recover in the action against the defendant for any breach of the new or substituted agreement, because the bond did not provide that the liability of the defendant should continue after the change made in the agreement. That having counted upon the non-performance by L. of the original contract, and proved that the same had been changed, so as to release the defendant, the plaintiff could not recover.

Appeal by the plaintiff from a judgment in the District

Court of the Fifteenth Judicial District of the State of California, in and for the City and County of San Francisco, and from an order denying a motion for a new trial. DWINELLE, J.

Action upon a bond. The facts are stated in the opinion of the Court.

*Texas Angel*, for Appellant.

The appellant submits the following points:

The Court erred in finding as matters of fact from the testimony, that the transactions between plaintiff and Lonsdale, the agent, were greater and involved greater liability than those contemplated in the contract and bond; and that the defendant never received any notice nor consented to any modification of the contract, because—

1. The bond itself provided that the changes or modifications complained of, might be made between plaintiff and Lonsdale by mutual consent, without impairing or affecting the liability of the sureties; and no notice to, or consent of the sureties was necessary, provided the change was one contemplated by the terms of the bond. (*Wehr* v. *Germ. Evan. Luth. Cong.*, 47 Md. 177.)

2. That the defendant did not set forth in his answer any defense that the contract had been changed or modified, or that the transactions between the plaintiff and Lonsdale were greater or involved greater liability than contemplated in the contract and bond, or that no notice or consent were given of the changes and modifications of the contract, and the finding of these facts, was outside of the issues in the case.

These facts, if they exist, are new matter, and the defendant, to avail himself of them, must plead them. (§ 437, C. C. P.; *Coles* v. *Soulsby*, 21 Cal. 50; *Cadiz* v. *Majors*, 33 id. 288; *Moss* v. *Shear*, 30 id. 472; *Piercy* v. *Sabin*, 10 id. 22; *Glazer* v. *Clift* 10 id. 303.)

*C. E. Royce*, for Respondent.

The bond is conditioned to protect the plaintiff against any loss not exceeding five hundred dollars, which it may suffer by Lonsdale while acting as plaintiff's agent and consignee under said contract. The most prominent provision in the

contract is as follows: "Provided, however, that said consignee shall never at any one time have on consignment more than six machines." This is a limitation of the greatest importance to the sureties.

The testimony of the plaintiff's own witnesses show that a new contract was entered into between the plaintiff and Lonsdale, by which the plaintiff agreed and did consign to Lonsdale more than six machines without notice to the bondsmen. Under the last contract the liability of Lonsdale sued for was incurred. This puts the plaintiff in the position of suing for the breach of one contract, and trying to recover upon proof of the breach of another.

A surety has a right to stand on the precise terms of his contract. (9 Wheaton, 702; 15 Peters, 208; 10 Johns. 587.) He can be held to no other or different contract. (*People* v. *Buster*, 11 Cal. 220, and cases cited; Civil Code, §§ 2819, 2836, 2840.) It is objected that this is not pleaded by defendant in his answer. How could he? His answer is to the contract set out in the complaint. He knows no other.

The finding is criticized because it "does not specify wherein the transactions were greater than those specified in the contract." It is sufficient that they were greater, *i. e.*, that there was, in effect, a new and different contract under which the liability of Lonsdale arose. The authorities cited by the plaintiff are not in opposition to this view of the case.

McKINSTRY, J.:

The action was brought against defendant, as surety upon a bond executed by one Lonsdale, to secure the performance of an agreement between plaintiff and said Lonsdale, as plaintiff's agent at Peoria, Illinois, for the sale of sewing machines. By the agreement, plaintiff was to ship to Chicago six of its sewing machines, marked to consignee at Peoria, and as often as an account of sales should be rendered by consignee to consignor, together with the full proceeds of said sales (except as otherwise provided), the consignor, plaintiff, on the request of consignee, to ship to his order as many machines as should be reported sold and accounted for; provided, however, that the consignee should never at any one time have on consignment more than six machines; that the consignee should open

a salesroom at Peoria and devote his time to the introduction of the "Victor" machine; all machines to be sold for cash or promissory notes guaranteed by the consignee, etc.; that consignee should sell and account for all machines within four months from the date of shipment, and upon failure to sell and account to said consignor, the latter at its option, at any time after date of shipment, might charge the consignee with all machines consigned four months, not satisfactorily accounted for, at the retail price of said machines, less forty per cent., and such amounts should be immediately due on demand.

The bond sued on provides that the contract or agreement above in part recited, and therein described, " may be varied or modified by the mutual agreement of said Sewing Machine Company and said Samuel G. Lonsdale, as to the manner of carrying on said business, or as to the compensation to be paid the said Samuel G. Lonsdale, or as to the period of which said Samuel G. Lonsdale shall report to and pay said Company for the machines he may sell, or as to the territory on which said machines shall be shipped or sold, and such changes and modifications or variations shall in nowise affect or impair our liability on this bond."

A copy of the agreement between plaintiff and Lonsdale is annexed to the complaint, and the breaches of such agreement on the part of Lonsdale, as alleged, are: " That on the thirty-first of March, 1877, the said Samuel G. Lonsdale was indebted to this plaintiff in the sum of two hundred and sixty-seven dollars for certain Victor Sewing Machines which had been from time to time consigned to said Samuel G. Lonsdale by said plaintiffs, *under said contract,* which had been consigned, as aforesaid, more than four months from the date of consignment, and had been sold by said Samuel G. Lonsdale, but had not been satisfactorily accounted for or paid for by him, and thereupon on said last mentioned day this plaintiff, *under* and by virtue of the provisions *of said contract in that behalf,* charged said Samuel G. Lonsdale with the retail price of said Victor Sewing Machines, less forty per cent., to wit, the sum of two hundred and sixty-seven dollars, aforesaid. And thereupon this plaintiff duly demanded payment of said sum, etc., which payment was refused."

"And this plaintiff further alleges that on the twenty-second day of May, 1877, the said Samuel G. Lonsdale was further indebted to this plaintiff in the sum of one hundred and thirty-five dollars for certain other Victor sewing machines," etc. (Proceeding in all respects as in the averment of the breach above recited.)

There is no averment that the agreement annexed to the complaint was ever altered in any particular.

The case shows, that, without the consent of defendant, the contract between plaintiff and Lonsdale was changed and modified so as to permit the consignment of more than six machines, and provided that Lonsdale might have more than six at the same time. The clause in the bond which continues the liability of the sureties notwithstanding a change in the contract between their principal and plaintiff " as to the manner of carrying on said business," etc., did not continue the liability of the sureties in case of a change in any other respect. The change by which Lonsdale was to have more than six machines, was not authorized by the clause permitting a change " as to the *manner* of carrying on said business," and it is not pretended that it is covered by any other of the changes spoken of in the bond.

When plaintiff proved the important change in the contract between it and Lonsdale which released the sureties of the latter, it proved itself out of Court. It may be admitted, defendant was bound to respond for any damages sustained by plaintiff by reason of Lonsdale's failure to perform his original contract or his contract as modified in any of the particulars mentioned in the bond. But plaintiff showed that Lonsdale was not responsible for any breaches in the contract set forth in the complaint by showing that such contract was not in force when he was alleged to have broken it. In other words, the evidence failed to sustain the averments of the complaint.

The Court below found: "After the execution of said contract and bond, transactions to a considerable amount took place during a long period of time, between said Lonsdale and the corporation, plaintiff, resulting in a loss to said corporation, but such transactions were more extensive and involved greater liability than those contemplated in said con-

tract and bond." "That said defendant never received any notice, nor ever consented to any modification of said contract."

These findings are amply supported by the evidence. They are not necessarily findings upon *new matter*, which should be alleged in the answer. The general denial puts in issue the alleged breaches of the original contract between plaintiff and Lonsdale. Proof of the fact by plaintiff that a new contract had been substituted for the old one, established that plaintiff was not entitled to recover for a non-performance of the conditions of the old. The finding that the transactions were such as were not contemplated by the terms of the written agreement or bond, is a finding that an oral agreement, express or implied, had been substituted by the parties, or that the original had been materially altered with their consent.

It necessarily follows that plaintiff can not recover damages for non-performance by Lonsdale of the conditions of the original agreement, upon which, and the non-performance by Lonsdale of the conditions of which, plaintiff alone counts in his complaint.

Even if it should be admitted that the change in the contract between plaintiff and Lonsdale was one contemplated by the wording of the bond, plaintiff could not recover upon allegations of the terms of the original contract, and of non-performance of its conditions by Lonsdale. His complaint should have set forth the substituted agreement and breach of its conditions. He should rest upon the liability of defendant arising from the failure of Lonsdale to perform the substituted or modified agreement. The view we have taken of the case renders the failure of the Court below to find upon the issue as to the release of defendant's co-surety entirely immaterial.

1. If plaintiff had set forth in its complaint the contract with Lonsdale, as modified (and counted upon non-performance thereof by Lonsdale), it could not have recovered, because the bond executed by defendant did not provide that the liability of defendant should continue, notwithstanding *such* a modification of the contract, as was in fact made.

2. Having set forth the original contract (and counted

upon its non-performance by Lonsdale), and proved that the original contract had been changed in such manner as to release defendant from his obligation, plaintiff was not entitled to recover in the present action.

3. Even if the change in the terms of the original contract were held not to be such as to release defendant, the plaintiff would not be entitled to recover upon allegations that Lonsdale had not performed the conditions by him to be performed under the original contract, since plaintiff proved that the original contract had ceased to be in force prior to the alleged non-performance of its conditions by Lonsdale.

Judgment and order affirmed.

Ross, J., and Morrison, C. J., Sharpstein, Myrick, and Thornton, JJ., concurred.