FERTIG et al. v. BARTLES.

(Circuit Court, D. New Jersey. February 27, 1897.)

1. PRINCIPAL AND SURETY—RELEASE OF SURETY—EXTENSION OF LARGER CREDIT.
   A surety is not released from his obligation by the voluntary extension to his principal of a credit greater than that for which the surety has agreed to become bound, when no change is made in the terms of the contract between the principal and his creditor.

2. SAME—ASSIGNMENT FOR CREDITORS.
   The rule that a creditor who releases the principal debtor thereby discharges the surety does not apply to a release filed upon a claim made under an assignment for benefit of creditors, and in pursuance of a statute which provides that such releases shall be filed, and that it shall not operate to discharge any surety.

James Buchanan, for plaintiffs.
Paul A. Queen and John T. Bird, for defendant.

DALLAS, Circuit Judge. This case has been heard on three demurrers,—one by the plaintiffs to the third plea; and two by the defendant, namely, one to the replication to the fourth plea, and one to the replication to the sixth plea, and "to so much of defendant's seventh plea as relates to the writings of release in said seventh plea mentioned." The fact alleged by the third plea is that the plaintiffs extended a credit of $20,000 to the principal debtors, without the knowledge or consent of the defendant, and it avers that he, as surety, was, in consequence, discharged. The demurrer admits the fact, but puts at issue the legal conclusion. If the surety was discharged, it must be because, by extending the principals' credit as stated, the plaintiffs violated some contract of theirs directly with the surety, or because such extension was made in breach of the principal contract, or in pursuance of an alteration thereof. There was no contract by the plaintiffs with the surety limiting the credit. The bonds which he gave of course fix the amount of the surety's liability, but they contain no provision in restriction of the credit to be accorded; and to the primary contract the surety was not a party, nor was the clause thereof upon which he relies inserted for his benefit. By that clause (in its final condition) it was covenanted that a credit should be given to the principals of $5,000, and that at no time should the amount due by them exceed the amount of the bond which they were to give. By permitting that amount to be exceeded, surely the plaintiffs committed no breach of covenant; and as the plea

does not allege that they had made any alteration in the contract, which required them to do so, it must be assumed that the allowance of credit in excess of the amount stipulated for was wholly voluntary.

There is no doubt that where a change is made in the original contract, without the surety's assent, he is released (Reese v. U. S., 9 Wall. 14); but I think it is also unquestionable that where there is no "modification," no "variance in the agreement," no subsequent "positive contract," changing the original one, the surety remains liable, even though the parties, "without any legal constraint on themselves, mutually accommodate each other." Benjamin v. Hillard, 23 How. 149–165; Reese v. U. S., supra; Insurance Co. v. Hanford, 143 U. S. 187–191, 12 Sup. Ct. 437. If the contract itself had been varied, the surety would have been discharged, even though the original agreement had, notwithstanding such variance, been substantially performed (Bonar v. Macdonald, 3 H. L. Cas. 226–238; Reese v. U. S., supra); and it seems to plainly follow that, where no variance of the original contract is alleged, the fact that more has been done than it required cannot be material. I am, upon the grounds which have been indicated, of the opinion that this third plea is insufficient in law to bar the right of action set forth in the declaration.

The causes assigned for the demurrer to the replication to the fourth plea relate to matters of form, rather than of substance. The replication, however, seems to have been framed in accordance with the law of the state of New Jersey and the practice of its courts. Moreover, I do not perceive that the defendant can be prejudiced by the special character of the replication. Even if the plaintiffs were not bound to state the particulars of nonperformance, their having done so puts the defendant at no disadvantage. He would have occupied, certainly, no better position had there been a joinder of issue on the general allegation of performance. Therefore, and as this court may at any time permit either of the parties to amend, and thereupon proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any defect or want of form which may be cured by amendment (Rev. St. § 954), the power to amend will be reserved for exercise hereafter, if requisite, and, subject to this reservation, the replication will be sustained.

So much of the defendant's remaining demurrer as relates to the replication to part of the seventh plea need not be separately discussed. What has just been said with reference to his other demurrer is, in the main, pertinent, and may be readily applied.

The replication to the sixth plea is challenged upon ground more substantial, though, in my opinion, not tenable. It is well settled that, in general, a creditor who releases the principal debtor, thereby discharges the surety; but this rule is not applicable to a release filed upon claim made under an assignment for benefit of creditors, and in pursuance of a statute which provides that such release shall be filed, and that it shall not operate to discharge any

surety. The surety has no cause for complaint of the creditor's effort to recover all he can from the principal, even if, in making that effort, he submits to terms which the law imposes, and which affect the surety as well as himself. Where a creditor claims under an assignment by the debtor, his action is really in relief of the surety, and, if he be required by law to file a release as a condition of maintaining his claim, his compliance with such law cannot be reasonably imputed to him as an act done in derogation of the surety's rights.

The plaintiffs' demurrer to the third plea is sustained. The demurrers of the defendant are both overruled.