BAY OIL COMPANY, INC., Respondent, vs. VILAS, Appellant.

*February 3—May 20, 1941.*

For the appellant there were briefs by *Moran & O'Brien* of Delavan, and oral argument by *J. Arthur Moran.*

For the respondent there were briefs by *Sheldon & Freytag* of Elkhorn, and oral argument by *William H. Freytag.*

The following opinion was filed March 11, 1941:

WICKHEM, J. The facts are substantially without dispute. In 1935, Lee Clayton, son-in-law of the defendant, was about to engage in a garage business at Williams Bay, Wisconsin. Plaintiff owned certain tools and equipment and desired to sell them to Clayton and to establish him as retail dealer in its products—gasoline, motor oil, and other items pertaining to the automotive trade. On June 1, 1935, Clayton and plaintiff entered into a contract which contained the following provision:

"The company agrees that it will extend to Clayton the same credit terms by it extended to its resellers, as provided by the National Petroleum Code, so-called, such credit not to exceed, however, the sum of one thousand ($1,000) dollars, provided, however, that credit to such amount shall be extended only upon condition that said Clayton shall secure a guarantor of payment of his accounts and liabilities to the company, satisfactory to the company."

At or prior to the date of the execution of this contract, defendant executed a guaranty, the material parts of which read as follows:

"I do hereby undertake and guarantee that the said Lee L. Clayton will pay when due all lawful charges for merchandise to him sold and delivered by Bay Oil Company, Inc., and will keep and perform all other provisions of said articles of agreement with said Bay Oil Company, Inc., by him to be performed, all upon the terms and provisions of said articles of agreement."

Plaintiff subsequently extended credit in excess of $1,000 to Clayton, and from July 17, 1935, to September 22, 1937,

the unpaid balances on the account exceeded the $1,000 limitation by several hundred dollars. On one occasion the balance against Clayton amounted to $4,300.

Two questions are in this case, one upon defendant's appeal, the other upon plaintiff's motion to review. Defendant contends that the extension of credit in excess of $1,000 discharged the guarantor, while plaintiff contends that the trial court erroneously limited plaintiff's recovery on the guaranty to $1,000.

(1) Upon defendant's appeal.

Defendant contends that he was completely discharged by the allowance of credit in excess of $1,000 to his principal. He claims that the two contracts are to be construed together for purposes of interpretation and that so construed the guaranty is subject to the condition that the credit shall not exceed the sum of $1,000. His warrant for this method of construction is *W. W. Kimball Co. v. Baker,* 62 Wis. 526, 22 N. W. 730. Conceding that the two instruments are to be construed together for purposes of interpretation, defendant's conclusion does not follow. The contract between creditor and principal is not ambiguous. The parties agreed that the creditor would be obliged to extend credit only in the amount of $1,000, and that this limited obligation would exist only if the principal's obligations under the contract were fully secured. This limitation was not for the benefit of the contemplated guarantor but for that of the creditor, and it does not modify or condition the separate contract of guaranty which contains no specific limitation or condition. We discover nothing in the writings or surrounding circumstances importing into the contract of guaranty a provision of the principal contract exacted by the creditor in his own interest. In view of this, cases in which the guaranty itself or the contract of the principal and surety considered together disclose an intent to condition the guarantor's promise, are not in point.

In *Fertig v. Bartles* (C. C.), 78 Fed. 866, the court said with reference to a similar contract of guaranty:

"But they contain no provision in restriction of the credit to be accorded; and to the primary contract the surety was not a party, nor was the clause thereof upon which he relies inserted for his benefit."

(2) Upon plaintiff's motion to review.

It seems clear to us that the conclusions upon defendant's appeal require a reversal of that portion of the judgment which limits plaintiff's recovery to $1,000. The limitation of $1,000 not being for the guarantor's benefit, this is an inevitable conclusion. The principal's obligation was to pay all charges whether over or under the amount of credit plaintiff agreed to extend. The principal was required to furnish a guaranty of all his accounts and liabilities to plaintiff. The guarantor agreed that the principal would pay when due "all lawful charges for merchandise to him sold and delivered by" plaintiff and "keep and perform all other provisions of said articles of agreement with" plaintiff "all upon the terms and provisions of said articles of agreement." This is an unambiguous engagement by the principal that he will pay for all goods purchased by him whatever the amount and by defendant that he will guarantee full performance by the principal. Defendant is in no better position to limit the liability than he was wholly to defeat it.

We find no occasion to deal with the question whether and to what extent fraud or bad faith on the part of the creditor or the grant of a wholly unreasonable amount of credit operates to discharge the guarantor or to limit his liability. No facts are here which raise such a question, and this case was argued and decided wholly as a matter of construction of the contracts involved.

Plaintiff contends that it is entitled to interest from the date when the debt became due, and that this is true even if, (1) defendant's liability be limited to $1,000, and (2) if the

award of interest results in a recovery in excess of this limit. The trial court held otherwise. Since we hold the limit to the unoperative so far as the liability of the surety is concerned, the point is obviously well taken, and we need not consider what the proper rule would have been had defendant's liability been for $1,000 only.

*By the Court.*—Upon defendant's appeal, judgment affirmed. Upon plaintiff's motion to review, judgment reversed and cause remanded with directions to enter judgment against defendant Vilas for $1,608.72, with interest from the date of the principal's default.

The following memorandum was filed May 20, 1941:

WICKHEM, J. (*on motion for rehearing*). A motion for rehearing was made by defendant which the court is of the view must be denied with costs. By consent of the parties the mandate relating to interest is modified to read, "with interest from November 23, 1938."