GRUNDY COUNTY NATIONAL BANK, Plaintiff-Appellee, *v.* TERRENCE CAVANAUGH *et al.*, Defendants-Appellants.

Third District   No. 81-490

Opinion filed March 26, 1982.

W. Richard Janikowski and Deborah J. Kottel, both of Kottel, Janikowski & Light, of Chicago, for appellants.

Frank J. Black, of Black and Black Law Firm, of Morris, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Grundy County National Bank (hereinafter the bank) filed a complaint to foreclose a land trust mortgage against defendants Terrence Cavanaugh, Charles Button (hereinafter the beneficiaries), and Grundy County National Bank as trustee of the land trust (hereinafter the trustee). After a bench trial, the circuit court of Grundy County entered a decree of foreclosure and a contingent deficiency decree against the individual defendants.

In the spring of 1979, the beneficiaries and Gordon Schultz acquired an option to purchase certain real estate in Morris. In order to exercise their option, they borrowed $65,000 from the bank on July 30, 1979. In addition to signing a note reflecting their personal indebtedness, the beneficiaries and Schultz also on that date entered into a land trust agreement with the trustee, assigned their beneficial interest in the trust to the bank for collateral security, and directed the trustee to execute a trust deed in the bank's favor, which the trustee did. On August 2, 1979, the beneficiaries and Schultz deeded the real estate to the trustee.

When the note was due on September 28, 1979, the beneficiaries and Schultz were unable to repay the debt as they had been unable to effect the anticipated rapid sale of the property. The bank accepted a second note in lieu of payment of principal, but this was neither called nor paid on its October 8, 1979, maturity date. When it was called on December 13, 1979, the beneficiaries were again unable to repay the debt. The bank

offered to accept a third note, but the beneficiaries rejected its terms. Additional facts will be presented in our discussion of the five issues presented for our review.

The first issue is whether a valid trust deed existed on the real estate. The beneficiaries contend the trust deed was not valid because the trust did not exist when the instrument was executed or, in the alternative, that the trustee could not execute a trust deed for real estate in which it had no interest. Both contentions are based on the fact that the property was deeded to the trustee three days after the other instruments were executed.

■■■ We have no quarrel with the doctrines which underpin the beneficiaries' position and in another context might well consider them dispositive. Two facts must here be noted. The first is that the beneficiaries, with full knowledge that the trust was unfunded, expressly and in writing directed the trustee to execute the trust deed. The bank explained the transactions took place as they did in order to allow the beneficiaries the funds necessary to exercise their option and purchase the trust *res*. The second fact is that the beneficiaries themselves deeded the parcel to the trustee three days after the other documents were executed. Thus both the trust deed execution and late funding were directly attributable to the actions and desires of the beneficiaries. The general rule is that a beneficiary of a trust who consents to or approves of an act, omission, or transaction by a trustee, may, upon the ground of waiver or estoppel, be precluded from subsequently objecting to the impropriety of such act, omission, or transaction. (See 76 Am. Jur. 2d *Trusts* §336 (1975).) The rule may arise from acquiescence, request, participation (see 76 Am. Jur. 2d *Trusts* §340 (1975)) or notification (see 76 Am. Jur. 2d *Trusts* §341 (1975)). We find the transactions here attacked to fall squarely within the general rule, and that the beneficiaries are estopped from challenging the trust or trust deed.

The second issue presented for our review is whether the trial court erred in foreclosing the trust deed. The beneficiaries advance three grounds for a finding of such error.

■■■ The first ground is that the trustee was not served and did not appear in the foreclosure proceeding. The trust agreement provides that "[t]he sole duty of the Trustee with reference to any such legal proceeding shall be to give timely notice thereof to the beneficiaries * * *," so its failure to appear was understandable and anticipated. The reason a land trustee is a necessary party to proceedings of this nature is to assure such notice. While the better practice would have been to serve the trustee, the beneficiaries herein were notified of the proceeding by service upon them individually. They additionally agreed to the trial of this cause without such service. Under these circumstances, they are estopped from chal-

lenging the court's decree on this ground. In any event the nonjoinder of a proper party in a mortgage foreclosure will not vitiate the whole judgment. At most it leaves his rights unaffected. *Bigoness v. Hibbard* (1915), 267 Ill. 301, 108 N.E. 294.

The second ground is the alleged failure of the bank to establish a *prima facie* case. This ground is based on the fact that the trust deed refers to a one-year note as its underlying indebtedness, while the two notes the beneficiaries signed were payable on demand or, respectively, in 60 and 10 days. In isolation, this appears to be a material variance, but a review of the documentation of this transaction clearly indicates that the trust deed secured the debt in question. Additionally, the beneficiaries do not allege the existence of any other debt. Under these circumstances, we find no failure to establish a *prima facie* case.

■■ The third ground is that the trust deed was allegedly not valid security for the second note. This ground is based on the fact that, as compared with the original note, it had a different interest rate; an extension of time of payment; and one less debtor. The beneficiaries argue that as the trustee executed the trust deed to secure a debt of third parties, it was a surety. As such, the beneficiaries contend the above three facts operated to discharge the trustee from liability. We recognize that any agreement between a creditor and a principal in an obligation or debt which essentially varies the terms of the contract without the consent of the surety will release the surety from liability (*Burt v. McFadden* (1871), 58 Ill. 479); however, the beneficiaries presented no evidence showing such a lack of consent. Therefore, no discharge occurred. As we find no merit in the beneficiaries' three grounds of error, we find the trial court properly foreclosed the trust deed.

The third issue is whether the court erred in allowing a deficiency judgment against the beneficiaries. The basis of the beneficiaries' contention that no such judgment should have issued is that the trust deed was extinguished when the second note was executed. While we have previously found that the trust deed secured the second note and was not extinguished, this is not determinative of the issue. The beneficiaries overlook the fact that the express terms of that instrument absolve them of personal liability. While we might consider this argument waived, we merely note that the collateral assignment contains no such language. The deficiency judgment therefore properly issues from its foreclosure. We note that the question of whether the assignment is a conveyance in the nature of a mortgage (see Ill. Rev. Stat. 1979, ch. 95, par. 23) has not been raised in these proceedings.

The fourth issue is whether the court erred in reforming the second note to include a 5% service charge. Such a charge was included in the first note, although the beneficiaries claimed it was added after they signed

the instrument. Rather than include the charge in the second note, the bank billed the beneficiaries for the amount due. The question of whether the bank has an adequate remedy at law has not been raised.

■■ Equity will not lend its aid to reform a written instrument in the absence of fraud, accident, or mutual mistake, sufficiently alleged and clearly proved. (*Darst v. Lang* (1937), 367 Ill. 119, 10 N.E.2d 659.) In the case at bar, the bank elected the alternative of billing the amount of the charge, along with the accrued interest on the first note, rather than adding these amounts to the principal of the second note. Finding no fraud, accident, or mutual mistake in this election, we hold that the court erred in reforming the note. We therefore remand this cause for a determination of the adjusted amount of the judgment. The bank has also requested remandment for an adjustment of the court's award of attorney fees to reflect the fees stemming from this appeal. As the parties' agreement sanctions all fees and costs of collection, we direct the court to appropriately adjust its award.

The final issue presented concerns the period of redemption established by the trial court. However, since an appeal was taken from the foreclosure decree and since remandment is required in accord with our previous observations, we believe no useful purpose would be served by considering this issue in this opinion. The period of redemption will of course depend upon the mortgage decree becoming final and the sale taking place pursuant thereto.

For the foregoing reasons the judgment of the circuit court of Grundy County is reversed and remanded for further proceedings consistent with the views expressed herein.

Judgment reversed and remanded.

ALLOY and HEIPLE, JJ., concur.