O’NIELL, Chief Justice.
 

 The Citizens’ Bank & Trust Company has appealed from a judgment dismissing its suit ■on an exception of no cause or right of action. The suit is founded upon a promissory note for $6,000, given by the defendants, seven in number, wbo were the members of the board of directors of the Bank of Labadie when it transferred all of its assets to the Bank of Napoleonville and went out of business. That was in September, 1926. The note was given to guarantee the Bank of Napoleonville, to the extent of $6,000, against any loss in the collection of the assets of the Bank of Labadie sufficient to offset the deposits assumed by the Bank of Napoleon-ville. Three and a half years afterwards, the Bank of Napoleonville, having become insolvent, was taken over by the bank commissioner, and, on the 27th of February, 1930, all of its assets were by him transferred to the newly organized Citizens’ Bank & Trust Company, plaintiff in this suit.
 

 The defendants contend that the guaranty which they gave to the Bank of Napoleonville was a special guaranty, in favor of that institution only, and not transferable, and that the guaranty was dependent upon certain specified conditions, which were never fulfilled, and upon certain obligations to be performed by the board of directors of the Bank of Napoleonville, which obligations were hever performed.
 

 The promissory note sued on, and the resolutions of the board of directors of the Bank of Labadie, and the resolutions of the board of directors of the Bank of Napoleon-ville, prescribing the terms and conditions under which the guaranty was given, are annexed to the plaintiff’s petition. Here is a copy of the promissory note, signed and indorsed by the defendants, viz.:
 

 “Napoleonville, La., Sept. 14th, 1926. “$6,000.00
 

 ’“On demand, for value received, and in accordance with resolutions adopted by the hoard of directors of the Bank of Labadie, and of the Bank of Napoleonville, adopted on the 11th day of September, 1926, we, the signers and endorsers, or either of us, promise to pay to the order of ourselves, at the Bank of Napoleonville, the sum of Six thousand dollars.”
 

 
 *655
 
 The terms and conditions of the guaranty were expressed in the second paragraph and again in the sixth paragraph of the resolutions adopted by the board of directors of the Bank of Labadie, and approved by similar resolutions of the board of directors of the Bank of Napoleonville, viz.:
 

 “Second. A note for the amount of six thousand dollars, payable on demand, and without interest, will be signed and executed by all of. the members of the board of directors of said Bank of Labadie, jointly, severally, and in solido, and payable to their own order and by them endorsed in blank, which said note is to be given to said bank of Napoleonville, to guarantee said Bank of Napoleonville against any loss which may arise in the disposition and collection of the assets of the said Bank of Labadie, and to cover the apparent deficit of six thousand dollars, arising from the appraisement of the assets of said Bank of Labadie.” * * *
 

 “Sixth. Said note of six thousand dollars, executed by the members of the board of directors of said Bank of Labadie, to guarantee said Bank of Napoleonville against any loss in the disposition, collection and liquidation of the assets of said Bank of Labadie, shall, in whole or in part, become due and payable after sixty days notice given to the makers and signers thereof, of a resolution of the board of directors of said Bank of Napoleon-ville that due and reasonable diligence and effort to liquidate and collect the assets of said Bank of Labadie has been made, and the difference which said board of directors may find between said assets and said deposits, by subtracting the assets, as then appraised by them, from said deposits. And, whenever said board of directors of said Bank of Napoleonville shall declare by appropriate resolution that said assets, to be acquired from said Bank of Labadie, shall be sufficient to liquidate the deposits of said Bank of Labadie, the said note of six thousand dollars shall be returned to the makers thereof.”
 

 According to the terms of the resolutions, which are referred to expressly in the promissory note, the obligation of the makers of the note was merely one of suretyship. In fact, a guaranty of the payment of a debt which another person already owes is, essentially, an obligation of suretyship, in whatever form the contract may be worded. Gasquet v. Thorn, 14 La. 506; Graves v. Scott & Baer, 23 La. Ann. 690; Alter v. Zunts, 27 La. Ann. 317; Lachman & Jacobi v. Block & Bro., 47 La. Ann. 505, 17 So. 153, 28 L. R A. 255; Rev. Civ. Code, art. 3035.
 

 The guaranty in this case was a special guaranty, given to protect only the Bank of Napoleonville, and only “to guarantee said Bank of Napoleonville against any loss which may [might] arise in the disposition and collection of the assets of the said Bank of Labadie, and to cover the apparent deficit of six thousand dollars, arising from the appraisement of the assets of said Bank of Labadie.” If a guaranty runs to certain definite persons, it is called a special guaranty, and no other person can take advantage of it. 12 R. C. L. 1061, § 10. 28 C. J. 897, § 16. A special guaranty usually contemplates a trust in the person to whom it is addressed, and, as a general rule, no one can accept and act upon the proposition of a special guaranty, or acquire any advantage therefrom, unless he is expressly referred to, or neces
 
 *657
 
 sarily embraced, in the description of the persons to whom the offer of guaranty is addressed. 28 C. J. 940, § 86.
 

 The guaranty of the defendants in this case was not only a special guaranty, but it was a conditional one, to become absolute and enforceable only after sixty days’ notice given to the makers of the note, of a resolution of the board of directors of the Bank of Napoleonville declaring that due and •reasonable diligence and effort to liquidate and collect the assets of the Bank of Labadie had been made, and that a stated shortage had been found by the board of directors of the Bank of Napoleonville, by deducting the assets of the Bank of Labadie, as appraised by the board of directors of the Bank of Napoleonville, from the amount of the deposits assumed by the Bank of Napoleonville in taking over the affairs of the Bank of Labadie.
 

 The makers of the note for $6,000 were entitled also to the benefit of the stipulation that, whenever the board of directors of the Bank of Napoleonville should declare, by appropriate resolution, that the assets acquired by the Bank of Napoleonville from the Bank of Lhbadie were sufficient to offset the deposits of the Bank of Labadie, the note of $6,000 would be returned to its maker. If the directors of the Bank of Napoleonville had performed the duties imposed upon them by the contract of guaranty, if they had appraised the assets of the Bank of Labadie and had compared their appraisement with the amount of the deposits assumed by the Bank of Napoleonville, after making due and diligent effort to liquidate and collect the assets of the Bank of Labadie, the finding of the balance, by the directors of the Bank of Napoleonville, might have been on the guarantors’ side of the ledger. Instead of performing the duties which the contract of guaranty imposed upon them, the directors of the Bank of Napoleonville undertook to delegate the duties and the authority to the directors of the Citizens’ Bank & Trust Company. It will not do to say that the duties imposed upon the directors of the Bank of Napoleonville by the contract of guaranty might have been — and perhaps were — performed as well by the directors of the Citizens’ Bank & Trust Company as they could have been performed by the directors of the Bank of Napoleonville. The guarantors had the right to stand upon their contract, and to insist that there should be no liability on their part except such as might be determined and declared by the directors of the Bank of Napoleonville, in the way specified in the contract. A guaranty that is not enforceable, immediately, but is dependent upon some contingency, or upon certain steps to be. taken by'the party guaranteed, to fix the liability under the guaranty, is not enforceable until the contingency has happened or the prescribed steps have been taken, and until notice has been given of the default of the principal debtor. 28 C. J. 896, § 12; 12 R. C. L. 1064, § 13.
 

 Our conclusion is that the district judge was right in his ruling that the duties imposed upon the directors of the Bank of Napoleonville, as the conditions on which alone the directors of the Bank of Labadie guaranteed the Bank of Napoleonville against a loss in the taking over of the affairs of the Bank of Labadie, could not be transferred by the directors of the Bank of Napoleonville to
 
 *659
 
 the directors of the Citizens’ Bank & Trust Company, or to the directors of any other institution, for that matter, without the approval of the guarantors. We do not find anything contrary to this opinion in McGowan v. Wells’ Trustee, 184 Ky. 772, 213 S. W. 573, cited by counsel for the appellant.
 

 The judgment is affirmed.