## OCEAN COFFEE CO., Inc., v. EMPLOYERS LIABILITY ASSUR. CORPORATION, Limited, et al.*

No. 5235.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

*Rehearing granted Feb. 5, 1937.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Cook, Cook & Egan, of Shreveport, for Ocean Coffee Co., Inc.

George Thurber, of Shreveport, for J. C. Abel, Sr.

DREW, Judge.

In the year 1932, J. C. Abel, Sr., was appointed receiver for the Abel Coffee Company, Inc., a corporation domiciled in Shreveport, La. Under order of court, the business was carried on as a going concern and was continued as such until 1934. The receiver furnished bond in the sum of $5,000, under Act No. 159 of 1898, by order of court, which bond was executed by the Employers Liability Assurance Corporation, Limited, of London, England, guaranteeing that the receiver would well and truly, according to law, administer and liquidate the affairs of said corporation, and render a true, just, and perfect account of his actions and doings.

On September 26, 1934, the receiver, in the process of liquidating the affairs of the corporation, presented to the court a petition to sell the assets of the corporation at public sale. An order was so granted, and when the property was offered for sale there were no bidders. He then petitioned for a sale at private sale, which order was granted and the entire assets of the corporation were sold to the Ocean

Coffee Company, Inc., for the sum of $2,-000. After this sale, and on January 28, 1935, the receiver filed his final account and tableau of distribution. This account was opposed only by the Ocean Coffee Company, Inc., which set out certain amounts of money which were illegally paid by the receiver to himself and others and prayed that the receiver be ordered to account for said amounts. The lower court sustained the opposition and ordered the final account homologated in all other respects except as to the items attacked by the Ocean Coffee Company, Inc. This judgment was rendered on February 9, 1935.

On February 6, 1935, Ocean Coffee Company, Inc., filed this suit, in which it alleged that J. C. Abel, Sr., and the Employers Liability Assurance Corporation were indebted unto it insolido in the sum of $1,142.09; that J. C. Abel, Sr., appropriated unto himself, while receiver, without order of court, $1,011.70, and likewise advanced to his son-in-law $130.39 without order of court. The Assurance Corporation was impleaded as surety of Abel. There were other irregularities alleged by plaintiff which have been abandoned here, and are unnecessary to state.

The Assurance Corporation answered, denying the right of plaintiff to recover judgment against it. Abel answered, denying the principal allegations of plaintiff's petition.

The lower court rendered judgment for plaintiff in the sum of $1,119.18 against both defendants, and the defendant Assurance Corporation alone has appealed.

■ Plaintiff is not suing as a creditor of the Abel Coffee Company, Inc., but as a purchaser of the *entire assets of said corporation. The amount appropriated to himself by J. C. Abel, Sr., as well as the amount advanced to his son-in-law, were carried on the books of the corporation and the inventory of the receiver as "accounts receivable," and were sold as such. They are certainly not accounts receivable. But whatever they are, they were sold under order of court to plaintiff and it was the owner of whatever right existed in regard to them. Article 2645 of the Revised Civil Code.

Defendant contends that plaintiff did not have the right to sue it until its remedy against the principal, J. C. Abel, Sr., had been exhausted; that it must first secure a judgment against the receiver and show a nulla bona writ of execution thereon before it has the right to implead defendant. This theory is correct when the surety sued is one enumerated by article 3066 of the Revised Civil Code.

■ Under the authority of Macready and Burke, Executors, v. Chas. H. Schenck, 41 La.Ann. 456, 6 So. 517, 518, it was concluded that the above-mentioned article has no application to the surety of a receiver of a corporation. In that case the court said:

"The defendants further contend that the plaintiffs have no right of action, for the reason that it is neither alleged nor proved that necessary steps have been taken to enforce payment of the judgment against Klotz, their principal, and in justification they point to article 3066, Rev. Civil Code.

"True, it provides that no suit shall be instituted against any surety on any appeal-bond, or bond of any administrator, tutor, curator, executor, or syndic, until such steps have been taken. It is admitted that no execution has issued against Klotz, but the record shows demand for payment and failure by him to pay.

"Traced to its origin, the article is found to be in part an act of 1842, No. 120, which provided that the courts of probate shall have exclusive cognizance of all suits or actions against sureties on the bonds of appeal and all others, which they are bound by law to receive, or exact from appellants or administrators, tutors, curators, and testamentary executors generally, and no suit shall be instituted against the surety until the necessary steps have been taken to enforce payment against the principal.

"The act was considered deficient, and was amended in 1855 so as to embrace, besides, sureties for bonds furnished by syndics and sureties on any appeal-bond. Act No. 300, § 5.

"By the amendment the word 'tutor,' found in the act of 1842, was inadvertently left out, but in 1866 the omission was supplied. No. 22, p. 42.

"It is apparent that, in legislative intent, the sureties proposed to be protected were those serving on bonds furnished by succession and bankruptcy representatives and by persons representing minors or interdicts or absentees, and that it was not de-

**146**

signed that the sureties of liquidators of partnerships in which successions were concerned should be included. * * *

"No doubt the legislature had the power to extend to the sureties on a liquidator's bond a similar protection, but it did not do so. Inserting such sureties within the letter of the text would be judicial legislation. When a law is clear and free from all ambiguity its letter must not be disregarded under the pretense of pursuing its spirit. Id. art. 13. The inclusion of the sureties named in the article amounts to the exclusion of all others not mentioned in it.

"It therefore follows that, as the law does not require that steps be taken against a liquidator to enforce a judgment against him, as a condition precedent to a suit like this against the sureties on bonds furnished under article 1139, Id., the executors were not bound to issue execution against Klotz, and they had authority to stand in court to bring this action against the defendants as his sureties, just as they could have sued them when they originally proceeded against him."

Since the creditors of the Abel Coffee Company, Inc., with the exception of the Ocean Coffee Company, Inc., did not oppose the final account of the receiver and accepted payment as provided therein, we are of the opinion they have no further interest in the affairs of the Abel Coffee Company, Inc., and no creditor has intervened in this suit.

The Ocean Coffee Company, Inc., purchased the entire assets of the Abel Coffee Company, Inc., and, we think, is in the shoes of that corporation, and whatever right the Abel Coffee Company, Inc., had against the surety of its receiver was tranferred to the Ocean Coffee Company, Inc. It cannot be denied that the Abel Coffee Company, Inc., had a right of action against the surety to recover for his defalcation, and we are of the opinion that right was transferred to the Ocean Coffee Company, Inc., when it purchased the entire assets of the defendant corporation. Article 2645, Revised Civil Code.

There is no disagreement over the amount awarded by the lower court. We are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed, with costs.