**OCEAN COFFEE CO., Inc., v. EMPLOYERS LIABILITY ASSUR. CORPORATION, Limited, et al.**

No. 5235.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1937.

Writ of Certiorari and Review Granted Nov. 2, 1937.

For former opinion, see 171 So. 144.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Cook & Cook and C. D. Egan, all of Shreveport, for appellee Ocean Coffee Co. Inc.

George Thurber, of Shreveport, for appellee J. C. Abel, Sr.

HAMITER, Judge.

The facts of this cause are accurately and clearly given in our opinion on the original hearing. Consequently, we shall restate only those which are essential for this consideration.

While acting as receiver for the Abel Coffee Company, Inc., J. C. Abel, Sr., employed $1,011.70 of the receivership funds for his personal use and advanced an additional $107.48 to his son-in-law. These two items were listed by him on the corporation books and in his inventory as "accounts receivable." Subsequently, judicial approval was granted for a private sale of all of the assets of the corporation, including the above-described "accounts receivable," and the sale was consummated with the Ocean Coffee Company, Inc., for a consideration of $2,000. The proceeds were then listed on the final account and tableau of distribution which the receiver filed and of which he sought homologation. This homologation was duly ordered, except as to certain items receiving opposition.

Under authority of its purchase of all of the corporate assets, the Ocean Coffee Company, Inc., instituted this suit against J. C. Abel, Sr., and the Employers Liability Assurance Corporation, Limited, of London, England, the latter being the surety on the receiver's bond, to recover a solidary judgment for the aggregate amount of the funds obtained by Abel and his son-in-law. The trial court granted judgment against both defendants, in solido, for $1,119.18. Only the surety appealed.

On our first consideration of the case, we agreed with the conclusion reached by the district judge and affirmed his decision.

Thereafter, appellant filed an application for a rehearing in which it assigned various errors in connection with our judgment and also tendered a plea of res judicata. Principally because of the latter pleading, we granted the rehearing on which the case is now pending.

In oral argument and brief relating to this hearing, all contentions previously made, with the exception of two, are reurged by counsel for appellant. However, the only one emphasized, discussed, and evidently relied upon is that the conveyance to plaintiff of the claim sued on was a partial assignment of a debt without the surety's consent, and that it is not binding for the reason that such surety is entitled to discharge its obligation as an entirety.

Earnest study has again been given to all of the points reurged by counsel, but our conclusions and decision remain unchanged. We deem it necessary to discuss briefly in this opinion only the above stated and emphasized contention, and the plea of res judicata which prompted the granting of this rehearing. These will be treated in the order listed.

Counsel invokes the general rule of law enunciated in the case of Salter v. Walsworth, La.App., 167 So. 494, 496, that "a debt cannot be divided by the creditor and partially assigned, without the debtor's consent, and thereby subject the debtor to separate actions." This doctrine was held to be applicable to the facts disclosed by the allegations in the Salter Case, which were that plaintiff therein had acquired by assignment, without the consent or ratification of the judgment debtor, a four-ninths interest in and to a monetary judgment and such assignee sought to predicate his cause of action on that transfer. In the case at bar, according to our view, there was no partial assignment of a debt due by appellant. The conveyance was that of an entire debt due by J. C. Abel, Sr., and

guaranteed by his surety, and it included everything which was an accessory thereof, particularly the suretyship obligation of such appellant. Civ.Code, art. 2645. It is our conclusion that the doctrine announced in the Salter Case is inapplicable here.

We think that the plea of res judicata is likewise without merit. Under this plea, it is suggested that "the judgment in proceedings No. 59,546 on the docket of the First Judicial District Court, entitled W. G. Boogaerts v. Abel Coffee Company, Inc., of date February 9, 1935, approving the final account of the receiver, in so far as not opposed, and of date May 15, 1935, ordering the receiver to account for an additional sum of $529.44, are res judicata to the issue in this case." The record in the cause just referred to, which is the receivership proceedings, discloses that the final account approved and homologated therein provided for an accounting of the proceeds received by the receiver from the sale of the corporate assets to plaintiff. At the time of the homologation, the receiver had no control of the claim herein sued on, it having previously passed from him through the conveyance above described and made pursuant to an order of court. Therefore, it cannot be correctly said that the issues involved in the instant cause were judicially determined in the receivership proceedings.

Our decree is that the plea of res judicata be overruled, and that the judgment formerly rendered be reinstated and made the final judgment of this court.