179 So. 80

INTERSTATE TRUST & BANKING CO. v.
SABATIER et al.

No. 34251.

Nov. 29, 1937.

Rehearing Denied Feb. 7, 1938.

Marcus & Corkern & Flanders, of New Orleans, and Bruner & Chambers, of Crowley, for appellant.

Modisette & Adams, of Jennings, Walter J. Burke, of New Iberia, and Chappuis & Chappuis, of Crowley, for appellees.

PONDER, Justice.

This is a suit on a continuing guaranty.

There seems to be no dispute as to the facts alleged in plaintiff's petition pertinent to this decision. The facts alleged are substantially as follows, viz.: The defendant, on October 20, 1928, executed to the New Orleans Bank & Trust Company, the following continuing guaranty, viz.:

"Continuing Guaranty.

"In consideration of the giving of credit to Iota Rice Mill Co., Inc., We hereby give this Continuing Guaranty to New Orleans Bank & Trust Company, of New Orleans, Louisiana, for payment in full, together with all interest, fees and changes of whatsoever kind and nature, of any and all indebtedness and/or obligations of said Iota Rice Mill Co., Inc., to said New Orleans Bank & Trust Company up to the amount of Seventy-Five Thousand Dollars ($75,000.-00) whether on open account or overdraft or evidenced by note or draft, secured or unsecured, or otherwise, due and owing at the present time or hereafter from time to time, to be or become due and owing by said Iota Rice Mill Co., Inc., binding the undersigned J. A. Sabatier, C. J. Sabatier, P. J. Sabatier and J. H. Sabatier, heirs and assigns, in solido with said Iota Rice Mill Co., Inc., for said indebtedness and/or obligations precisely as if the same had been contracted and were due and owing by the undersigned personally; and waiving the pleas and division and discussion, and agree to pay upon demand, at any time, the full amount due by said Iota Rice Mill Co., Inc., to said bank, up to the amount of this guaranty.

"Notice of the acceptance of this guaranty and of any indebtedness covered by same and of demand, protest or notice of demand or non-payment and notice of any act to establish the liability of any party on any commercial paper, indebtedness or obligation covered by this guaranty are severally waived. The liability of the under-signed shall not be affected by any change, extension, release of security or indulgence of any kind in respect to any debt, obligation or transaction covered by this agreement, as this is intended as an unconditional continuing guaranty of any and all indebtedness and/or obligations not exceeding the above amount, which, from time to time, or at any time, may exist and/or be or become due and owing to said bank, its successors and assigns, by said Iota Rice Mill Co., Inc.

"This guaranty shall continue in force until written notice of its discontinuance shall be served upon one of the executive officers of said bank, but such discontinuance shall not affect the liability of any other party liable in the premises nor shall it affect the liability of the party giving said notice on any debts and/or obligations then existing and subject to this guaranty.

"Thus done and signed on this 20th day of October, 1928, at New Orleans, Louisiana."

"[Signed]     John H. Sabatier,
"P. J. Sabatier,
"J. A. Sabatier,
"G. J. Sabatier."

On December 2, 1930, the New Orleans Bank & Trust Company for value transferred all of its assets to the Interstate Trust & Banking Company, among which assets there was a promissory note of the Iota Rice Mill Company, Inc., payable to the New Orleans Bank & Trust Company for the sum of $20,000 secured by the above-mentioned continuing guaranty. On February 2, 1931, the Iota Rice Mill Company, Inc. gave the Interstate Trust & Banking

Company their promissory note payable to the New Orleans Bank & Trust Company and by them indorsed, for the sum of $20,-000 in renewal of the aforementioned note, secured by the continuing guaranty.

There is no dispute raised as to the liabilities of the parties on the note which was given to the New Orleans Bank & Trust Company and secured by the continuing guaranty prior to the transfer of the assets of the New Orleans Bank & Trust Company to the plaintiff. The dispute herein is leveled at the renewal note given by the Iota Rice Mill Company, Inc., payable to the New Orleans Bank & Trust Company and by them indorsed to the plaintiff subsequent to the transfer of the assets of the New Orleans Bank & Trust Company.

The lower court rendered judgment dismissing plaintiff's suit on an exception of no cause of action, from which judgment plaintiff prosecutes this appeal.

The principal ground on which the lower court sustained the exception of no cause of action was that the continuing guaranty herein was a special guaranty addressed to a particular person who alone could take advantage of it and to whom the guarantor would be responsible and that a special guaranty is one that usually, but not necessarily, contemplates a trust or reposes a confidence in the person to whom it is addressed.

The plaintiff contends that the guaranty is a general guaranty to a special class of persons, the New Orleans Bank & Trust Company, its successors and assigns, and that from the language of the guaranty itself, the guaranty is assignable. For the

purpose of this decision, it is not necessary to state the other contentions of the plaintiff.

In the case of Continental Supply Co. v. Tucker-Rose Oil Co., 146 La. 671, 83 So. 892, 893, this court affirmed the doctrine laid down in the case of Menard v. Scudder, 7 La.Ann. 385, 56 Am.Dec. 610, as follows:

"A safe rule of construction of a guaranty is to give the instrument that effect which shall best accord with the intentions of the parties, as manifested by the terms of the guaranty, taken in connection with the subject-matter to which it relates, neither enlarging the words beyond their import in favor of the creditor, nor restricting them in the aid of the surety."

There could be no question that this is an unconditional guaranty up to the amount of $75,000 for it is so provided in the document itself. This guaranty was given for any and all indebtedness and obligations of the Iota Rice Mill Company, Inc., to the New Orleans Bank & Trust Company up to that amount whether evidenced by note or otherwise. The guaranty also provides "that the liability of the guarantors shall not be affected by any change, extension, release of security, or indulgence of any kind in respect to any debt or obligation or transaction covered by this agreement." The debt herein was covered by the guaranty. It is not disputed that the New Orleans Bank & Trust Company, prior to the transfer of the note, had the right to extend the note or to take a new note in renewal, which renewal note would have been protected by this guaranty. The guaranty provides:

"The liability of the undersigned shall not be affected by any change, extension, release of security or indulgence of any kind in respect to any debt, obligation or transaction covered by this agreement, as this is intended as an unconditional continuing guaranty of any and all indebtedness and/or obligations not exceeding the above amount, which, from time to time, or at any time, may exist and/or be or become due and owing to said bank, its successors and assigns, by said Iota Rice Mill Co., Inc."

It is to be seen from this stipulation that the guaranty was to cover any debt up to $75,000 due the New Orleans Bank & Trust Company, its successors and assigns. The debt is the same, it has merely been assigned to the plaintiff. There is no change in the debt and the only change in the evidence of the debt, that is the note, is that a new note is given in renewal.

In the case of Reconstruction Finance Corporation v. Thomson, 186 La. 1, 171 So. 553, this court, on reviewing prior decisions and affirming the doctrine laid down therein, stated:

"The execution of a new note in renewal of an old note does not novate the debt or destroy the privilege securing the same. This is true even though additions of interest and other charges are made to the note. * * * Novation is never presumed. Civ. Code, art. 2190."

"Novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place." Civil Code, art. 2185.

It is clear from the very wording in the guaranty "owing to said bank, successors and assigns" that the parties intended the guaranty to be assignable. Since the debt and the guaranty are both assignable, the assignee, the plaintiff herein, under the very terms of this guaranty, would have the right to extend or renew the evidence of the debt, the note. This guaranty was an unconditional agreement to pay the debt of the Iota Rice Mill Company, Inc., to the New Orleans Bank & Trust Company, its successors and assigns, and there is no contention herein that the debt has been paid. This court in the case of Commercial National Bank v. Richardson, 163 La. 933, 934, 113 So. 152, 154 lays down this doctrine:

" 'If the guaranty is signed by the guarantor at the request of the guarantee, or if the guarantor's agreement to accept is contemporaneous with the guaranty, * * * the mutual assent is proved and the delivery to him or for his use completes the contract without further acceptance.' 28 C.J. 899, 903; 12 R.C.L. 1067; Davis Sewing Machine Co. v. Richards, 115 U.S. 524, 6 S.Ct. 173, 29 L.Ed. 480; Davis v. Wells, Fargo & Co., 104 U.S. 159, 26 L.Ed. 686; Notes 105 Am.St.Rep. 513 et seq.; C.C. arts. 1804, 1802; Hibernia Bank & Trust Co. v. Succession of Cancienne, 140 La. 969, 74 So. 267, L.R.A.1917D, 402. * * *

" 'It is not inconsistent for a contract of guaranty to be limited in the amount of the liability of the guarantor and yet be continuing or unlimited in time. The rule laid down in 20 Cyc. 1440, citing Mathews v.

Phelps, 61 Mich. 327, 28 N.W. 108, 1 Am. St.Rep. 581, and Kimball W. W. Co. v. Baker, 62 Wis. 526, 22 N.W. 730, is that, although the amount of the liability of the guarantor be limited, if the time is not expressly limited, the guaranty is nevertheless a continuing guaranty, to the amount for which the liability of the guarantor is limited, if the terms of the instrument indicate that the purpose was to give a standing credit to the principal debtor to be used from time to time.' Hibernia Bank & Trust Co. v. Succession of Cancienne, 140 La. [969], 980, 74 So. 267, L.R.A.1917D, 402."

The defendants contend that this is a special guaranty given to the New Orleans Bank & Trust Company, its successors and assigns, for the payment of indebtedness of the Iota Rice Mill Company, Inc., to the New Orleans Bank & Trust Company, and not to the plaintiff or any other, and that the guaranty is to a definite person and no other person can take advantage of it, citing Citizens' Bank & Trust Co. v. Barthet, 177 La. 652, 148 So. 906. The case cited is not applicable to the instant case for the reason that the guaranty therein was in the first place a conditional one and in the second place to protect only the Bank of Napoleonville.

The defendants contend that when the New Orleans Bank & Trust Company transferred all its assets to the plaintiff that it merged itself into the plaintiff and lost its identity and individuality. There is nothing in plaintiff's petition to show that the New Orleans Bank & Trust Company discontinued business, but, on the other hand, the sale itself shows that it contemplated

a future existence because it was provided, viz.:

"It is further agreed that the liquidation of the assets of the New Orleans Bank shall be without expense to it."

"New Orleans Bank obligates itself to execute upon demand of Interstate Bank such additional deeds, documents and papers as may be necessary or desirable to fully transfer and convey any or all of the assets hereinabove described unto Interstate Bank."

The defendants contend that the contract, being one of suretyship, must be strictly construed and that it cannot be construed as authorizing the New Orleans Bank & Trust Company of its own accord to create a contractual relation between the guarantors and any one else by an assignment of the contract; and that there is nothing in the contract which authorizes the New Orleans Bank & Trust Company to substitute some one else to be guaranteed under the agreement, thereby changing the parties to the contract and consigning the guarantor to the tender mercies of the plaintiff or any other to whom they might have been unwilling to expose their wellbeing and safety by granting such dangerous powers as are given by this contract. We see no merit in this contention for the reason that the guaranty was given to secure the debt of the Iota Rice Mill Company, Inc., to the New Orleans Bank & Trust Company and provided that it was an unconditional guaranty of such debt due and owing the said bank, its successors and assigns. By the very provisions of the in-

strument itself, which are plain and unambiguous, it is a guaranty of the debt of the Iota Rice Mill Company, Inc., to the New Orleans Bank & Trust Company and to any person to whom the New Orleans Bank & Trust Company might assign the debt.

The defendants contend that the note given to the plaintiff extending the term of payment sixty days was not a renewal of any original debt due to the New Orleans Bank & Trust Company, but a novation by the substitution of a new creditor for the old.

Under the doctrine laid down in Reconstruction Finance Corporation v. Thomson, supra, the execution of a new note in renewal of an old note does not destroy the privilege securing it. It is provided in the guaranty that "the liability of the undersigned shall not be affected by any change, extension, release of security or indulgence of any kind in respect to any debt, obligation or transaction covered by this agreement, as this is intended as an unconditional continuing guaranty of any and all indebtedness and or obligations not exceeding the above amount, which from time to time, or any time, may exist and or be or become due and owing to said bank its successors and assigns by the said Iota Rice Mill Co., Inc." The language used herein is plain and unambiguous and

could only be interpreted to mean that it was the intention of the guarantors to secure the debt of the Iota Rice Mill Company, Inc., to the New Orleans Bank & Trust Company and those to whom the debt might be assigned and that the liability of the guarantors was not to be affected by any change, extension, release of security, or indulgence of any kind in respect to any debt, obligation, or transaction covered by the guaranty. From the broad language herein used, there could be no question but what the plaintiff, assignee, had the authority to renew the note.

The New Orleans Bank & Trust Company, having assigned the debt and the guaranty, which were assignable, to the plaintiff, the plaintiff then became the creditor; and, when the note was renewed with the plaintiff, it was not a substitution of a new creditor, for the reason that the plaintiff was the creditor at the time the renewal note was given.

For the reasons assigned, the judgment of the district court is set aside and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The defendants to pay the cost of this proceeding and all other cost to await the final disposition of the case.

HIGGINS, J., absent.