179 So. 18

**OCEAN COFFEE CO., Inc., v. EMPLOYERS LIABILITY ASSUR. CORPORATION, Limited, et al.**

No. 34503.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

Foster, Hall, Barret & Smith, of Shreveport, for relator.

Cook, Cook & Egan, of Shreveport, for respondent.

ROGERS, Justice.

The Ocean Coffee Company, Inc., purchased at Receiver's sale the entire assets of the Abel Coffee Company, Inc. Among those assets were two accounts carried on the books of the corporation, one against J. C. Abel, Sr., for $1,011.70, which amount the receiver illegally had appropriated to himself, and the other against J. C. Speights for $130.19, which amount the receiver had illegally advanced to Speights, his son-in-law.

Some time after its purchase, the Ocean Coffee Company, Inc., sued J. C. Abel, Sr., and the Employers Liability Assurance Corporation, Limited, to recover $1,119.18, representing the funds of the receivership which the receiver had appropriated to himself and had lent to his son-in-law. The Employers Liability Assurance Corporation, Limited, was sued as the surety on the $5,000 bond of J. C. Abel, Sr., receiver; and judgment was asked in solido against both defendants.

The Assurance Corporation answered, denying any liability to plaintiff. Abel answered, denying the principal allegations of plaintiff's petition.

The district court rendered judgment for $1,119.18 against both defendants. The Assurance Corporation appealed to the Court of Appeal for the Second Circuit, which affirmed the judgment. 171 So. 144. A rehearing was granted and, after resubmission of the case, the Court of Appeal reinstated its original judgment. 178 So. 782. The case is before us on a writ of review.

The relator Assurance Corporation relies on four defenses to plaintiff's suit, viz.: (1) The obligation of a surety on a receiver's bond is not available to a purchaser at a receiver's sale; (2) the obligation of a surety on a receiver's bond cannot be assigned piecemeal without the surety's consent; (3) the obligation of a surety on a receiver's bond is a special guaranty, addressed solely to the corporation in receivership; and (4) the obligation of a surety on a receiver's bond is one solely of indemnification to the receivership. We shall dispose of these propositions in the order stated.

1. The plaintiff, Ocean Coffee Company, Inc., paid $2,000 for all the assets of the Abel Coffee Company, Inc. The relator Assurance Corporation contends that no loss was suffered by the receivership, because the plaintiff paid full value for the account due the receivership by J. C. Abel, Sr., which was tantamount to a payment of the debt by Abel himself or by a third person in his behalf. Relator argues that the surety's only obligation was to protect the creditors of the receivership against loss from default by the receiver, and, since there was no loss to any creditor, no action lies on the receiver's bond.

Relator's argument is not sound. Relator does not dispute that the claim which the receivership had against Abel was a claim which it was obligated to pay, under the terms of its bond. Nor does relator dispute that the receivership had a right of action against the receiver and his surety for the return of its funds which were illegally used by the receiver.

Article 2645 of the Civil Code provides: "The sale or transfer of a credit includes every thing which is an accessory to the same; as suretyship, privileges and mortgages."

The obligation of a surety is accessory to the principal obligation and follows it. Whoever has a right to the principal obligation has the right to that which flows from it. The rights are indivisible.

Upon Abel's breach of his obligation to the receivership by the illegal use of its funds, relator, his surety, became answerable for the proper discharge of the obligation. The sale to plaintiff under order of court of the debt due by Abel included everything accessory or incidental thereto, particularly the suretyship obligation of relator.

The fact that the sale of the assets of the corporation in receivership, including Abel's indebtedness and relator's accessory obligation of suretyship, were sufficient to protect the receivership from loss, did not destroy Abel's indebtedness nor that of his surety. Abel continued to owe the debt, secured by the bond of the Assurance Corporation; and plaintiff, as the purchaser thereof, became the owner of the right of the receivership to be paid by the bonding company the amount due it by Abel.

■ 2. Relator contends that any debt it might owe as surety on the Receiver's bond is an obligation payable in its entirety, and hence cannot be divided and partially assigned without its consent.

The answer to relator's contention is to be found in the fact that no debt was divided or partially assigned. The debt which was assigned for a valid consideration was the debt of Abel, guaranteed by his surety, to the receivership. The entire indebtedness, as guaranteed, was conveyed to the plaintiff, and hence neither the consent of the principal debtor nor that of his surety was required.

■ 3. Relator cites the case of Citizens' Bank & Trust Co. v. Barthet, 177 La. 652, 148 So. 906, in support of its contention that the receivership bond was a special guaranty addressed to the Abel Coffee Company, Inc., and enforceable only by those acting for that company, and not by a purchaser of a receivership asset. The decision cited is not applicable to the issues presented in this case.

Relator's obligation under its bond is not special. The bond was executed under Act No. 159 of 1898, and was executed by relator to guarantee that the receiver would well and truly, according to law, administer and liquidate the affairs of the Corporation, and render a true, just, and perfect account of his actions and doings. The guaranty does not run to any particular person or persons. It runs to any person or persons interested in the funds or property of the receivership.

The right to sue is not confined to the obligee named in the bond, and it may be exercised by any person or persons to whom the principal obligation may be transferred.

All bonds furnished in connection with any judicial proceeding in this state may be made payable to the clerk of court, but they inure to the benefit of any person or persons in interest, who may sue on such bond without regard to its named obligee. Section 1, Act No. 112 of 1916.

Plaintiff, as the purchaser of all the assets of the Abel Coffee Company, Inc., acquired all the corporation's rights and actions in and to those assets. It stands in the shoes of the corporation, and is entitled to exercise and enforce all its rights and actions arising out of or connected with its ownership of the property sold.

We find no force in defendant's contention.

4. We are unable to uphold relator's contention that its obligation was one of indemnification to the receivership, and, as the receivership has suffered no loss, it is not liable on the receiver's bond.

The reason why the receivership has suffered no loss is that the plaintiff paid its money, which was sufficient to cover the loss, for the assignment by the receivership of its claim and right of action against the receiver and his surety, arising out of the misappropriation by the receiver of the funds of the receivership. The payment of the purchase price discharged neither the debt nor its accessory obligation of suretyship. The receiver saw fit to sell the corporation's claim, which was guaranteed by

relator, instead of permitting himself and his surety to be sued on the claim and the bond. We fail to see wherein the surety has suffered any injury by reason thereof.

For the reasons assigned, the judgment of the Court of Appeal is affirmed, at relator's cost.

FOURNET, J., dissents.